553

Mrs. Joyce Holmes *v.* Ludger Barbin, Sheriff, et al.                        15  553
                                                                              106   87

Although the Code does not expressly declare that a dissolution of the community shall result from a
judgment of separation of property between husband and wife, yet such is the legitimate conclusion
to be drawn from the textual provisions on this subject.

One of the objects of a separation of property is to put an end to the community.

A creditor is entitled to levy upon property which has been transferred by his debtor, without resort-
ing to the ordinary action, where such transfer is a pure simulation.

A Sheriff's sale cannot be considered as a mere simulation, unless the seizing creditor was a party to
the transaction.

The continued possession by a seized debtor of the property sold under execution, cannot be considered
as a badge of simulation as regards the seizing creditor, who is seeking the payment of his claim,
and whose claim is satisfied by the proceeds of the sale.

Where the debtor transfers his property for the purpose of injuring his creditors, and actually does in-
jure them, although the sale may not be a simulation, they are entitled to a direct action of nullity
to secure themselves.

An attorney ought not to testify as to matters confided to him by his client.

APPEAL from the District Court of the Parish of Avoyelles, *Cullom,* J.
*Hitchborn,* for plaintiff. *Génerez & W. B. Lewis,* for defendant and appel-
lant.

Voorhies, J. The title of the plaintiff to the property in litigation in this
cause, is assailed on the grounds, that her purchase inured to the benefit of the
community; and that the title of her husband has never been divested by the
sheriff's sale to her vendor.

The plaintiff is a married woman, separated in property from her husband, and
the defendants are the seizing creditors of the latter.

The facts, which gave rise to this controversy, are as follows :

In the year 1843 the property of the husband, *James E. Howard,* was levied
upon by the Sheriff at the instance of some of his creditors, and sold and adjudi-
cated to *J. M. Havard.* Several years afterwards the wife, being then duly
separated in property from her husband, obtained in her name a transfer from the
purchaser at Sheriff's sale. In the meantime the parties had continued to reside
upon the property, and, to outward appearance, to have in hand its whole man-
agement.

I. The defendants contend that a judgment of separation of property does not
dissolve the community of acquests and gains, and that, consequently, all subse-
quent purchases made, either in the name of the husband or of the wife, are for
the benefit of the community.

This position is untenable. It is true that the Code does not, in so many
words, declare the dissolution of the community to be the result of a judgment of
separation of property ; yet such is the legitimate conclusion to be drawn from
the textual provisions on this subject.

"The wife, who," says the Code, "has obtained the separation of property,
may, nevertheless, accept the partnership or community of gains, which has ex-
isted till that time." Art. 2404. And then she resumes the administration of
her paraphernal property, and also of her dowry. If, at the date of the separation
of property, the wife has the right to demand the liquidation of the community,
it is upon the assumption that it is dissolved. There is no force in the argument
that the dissolution does not take place, as a necessary consequence of the separa-

70

HOLMES
v.
BARBIN.

tion, but that it is merely optional with the wife to ask a liquidation of the affairs up to that period, without prejudice to the continuation of the common con. cerns. " The object of a separation of property is twofold : it provides for the present, by enabling the wife to recover her dowry, or other claims against her husband ; and it provides for the future, by putting an end to the community, and thus securing to the wife her individual acquisitions, or gains thereafter, in whatever manner obtained." *Davock* v. *Darcy*, 6 R. R. 344.

Our jurisprudence is settled upon this point ; and this court has even decided that : " all purchases made by the wife in the intermediate time between the demand and the judgment of separation, must be viewed as made for her own account, and not for the community, which she had declared her wish to put an end to." *Dugas* v. *Her Husband et al.*, 6 R. R. 529. O. C. 2406.

II. The defendants in injunction, assuming that the Sheriff's sale to *J. M. Havard*, and transfer from the latter to the plaintiff, *Mrs. James E. Howard*, were pure simulations, and that the title of the plaintiff's husband had never been really divested, levied upon the property without resorting to the ordinary action. This course is warranted by law, provided, however that the assumption of simulation be, in point of fact, well founded. The counsel states in his brief :—" that in 1843, *James E. Howard*, husband of plaintiff, being much embarrassed in his circumstances, procured a sale of all his property to be made by the Sheriff under a twelve months' bond, held by *Lewis & Jewell* against him, for the purpose of protecting it from the further pursuit of his creditors,"—and further,—" that the Sheriff's sale to *Havard* was simulated and fraudulent, that *Havard* never intended to acquire title, nor did he ever acquire any to the property, but simply lent the use of his name to protect the property from further seizures, and with the intention of maintaining *Howard* in the possession and ownership of the property."

This raises the question of fact, whether on the part of *Mr. James E. Howard* and his wife, and the seizing creditor and the purchaser at Sheriff's sale, there was an understanding that all the forms of law,—from the execution to the Sheriff's sale and the transfer from the purchaser to *Mrs. Howard*,—were had merely for the purpose of covering the property of the seized debtor. The Sheriff's sale cannot be considered as a mere simulation, unless the seizing creditor was a party to the transaction. Of this there is no evidence ; but, on the contrary, it appears that the claim has been satisfied. The continued possession by the seized debtor of the property sold under execution, cannot be considered as a badge of simulation as regards the seizing creditor, who is seeking the payment of his claim, and whose claim is satisfied by the proceeds of the sale.

The adjudication to *J. M. Havard* was made under circumstances which denote that he purchased the property for his own protection ; for he was *Howard's* surety on the very claim of the seizing creditor. And when he transferred the property to *Mrs. Howard*, he took good care to provide for the payment of the balance due, besides requiring, by way of reimbursement probably, a cash payment of $2000. Under these circumstances, the fact of the parties being half-brothers, does not afford suspicions as to their good faith ; nor do we see anything unusual in the stipulation, by which the plaintiff obligated herself to pay the debt, which she and her husband owed to the bank, although *Havard* was not a party to this debt. The bank's claim was secured by special mortgage on a portion of this property ; and as the date of this special mortgage was antecedent to the judicial mortgage of the seizing creditor, and as the adjudication was made for an amount

which did not exceed the special mortgage, the purchaser had an interest in providing for the satisfaction of the debt of the bank. In doing so he has obtained the reimbursement of his purchase money, and secured himself against the recourse of the bank and of the seizing creditor.

The evidence does not show a case of pure simulation, although it appears that the family of *Mr. Howard*, continued, after the sale, in the possession of the property. The presumption of simulation, resulting from this possession, is rebutted by the facts which have been already considered. It may be that the creditors were injured by the course pursued by their debtor, and that such was their debtor's purpose; but then their remedy lies in a direct action of nullity.

III. A question having been propounded by the defendants to *H. Taylor, Esq.*, to ascertain some fact, connected with the ownership of the twelve months' bond of *Lewis & Jewell*, the witness objected to the question on the ground that he had acted as the counsel of *James E. Howard*, in those proceedings, and that he could not, and ought not to testify as to matters confided to him by his client. The objection was properly sustained by the District Judge. C. C. 2262.

Judgment affirmed.