Citizens' Bank vs. Maureau et als.

No. 9429.

CITIZENS' BANK OF LOUISIANA VS. J. B. MAUREAU ET ALS.

A party in possession of property as owner, and who is sued on an *assumpsit* of a debt secured by mortgage on said property, will not be allowed under a general denial to raise the issue that he has ceased to be the owner of such property, and that the same is owned by another person who is not a party to the suit and whose alleged title could not be thus passed upon.

The right of a party who has erected works or improvements on the soil of another, to claim compensation therefor, cannot be exercised as long as the owner of the soil has not elected to keep such constructions or improvements.

Creditors who *in concurso* over the proceeds of a sale of a plantation and appurtenances, claim privileges on movables attached to the realty, cannot enforce such privileges unless the specific items on which their privileges would attach have been separately appraised. The privilege is in the nature of a vendor's lien, and it will affect only the specific property sold to the debtor.

Privileges are *stricti juris;* they cannot be created by the convention of the parties; they must flow from the nature of the contract.

The testimony of a married woman in proof of a paraphernal claim against her husband in a sum exceeding $500, unsupported by corroborative circumstances, is insufficient to establish the claim.

The transferrer of several of a series of notes secured by privilege, cannot compete with his transferee, if he holds one or more of said notes, for the proceeds of the property burdened with the privilege, if they are insufficient to satisfy both claims.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot,* J.

*A. J. Lewis* for Syndic and Appellant.

*Henry C. Miller, A. Pitot, Clay Knobloch, A. Grima, Hornor & Baker, J. H. Ferguson* and *H. C. Cage* for Appellees.

The opinion of the Court was delivered by

POCHÉ, J. The principal feature of this most complicated litigation involves a contest between the plaintiff corporation as seizing creditor and numerous intervenors and third opponents, over the distribution of the proceeds realized from the sale of the movable and immovable property sequestered and seized in the case.

The manifold issues and innumerable questions raised and discussed by counsel could not be understood without the following statement of the pleadings, and of the salient facts bearing on the main issues to be disposed of, which we have gathered with great pains and after protracted labors from a chaotic transcript and countless original documents, which have been brought up as part of the record.

On the 14th of December, 1883, the Citizens' Bank brought suit against P. E. Tricou as actual possessor of the Greenwood plantation in the parish of Lafourche, for the purpose of foreclosing its stock and

contribution calls and its loan debt, exceeding together the sum of eleven thousand dollars, and secured by mortgage on that plantation.

In the suit the bank obtained a sequestration of the crop made on the plantation during the year 1883, or of such portions of said crops consisting of sugar and molasses, as had not been previously disposed of.

The case having been put at issue through an answer of general denial by Tricou, judgment was rendered against him in the sum above stated on the 23d of February, 1884, under which the plantation and appurtenances were seized and sold on the 17th of May following, all of which being adjudicated in block to the bank for $21,240—two-thirds of the appraised value thereof. Under the judgment, the buildings and improvements and all the appurtenances were appraised separately from the naked land, and in his deed the sheriff establishes the *pro rata* of the price of adjudication to be attributed to the buildings and improvements and other appurtenances respectively.

That feature of the judgment was the result of numerous interventions and third oppositions filed by sundry parties, who respectively urged liens and privileges on different and specific items of buildings and other improvements included in the seizure.

Those interventions were as follows :

1st. The syndic of A. F. Himel presented a claim of $32,941, in reimbursement of advances of money, supplies, building materials and machinery, made by said Himel as the factor and commission merchant of one J. E. Logan, the lessee of the plantation during the years 1881, 1882 and 1883, $20,000 of which were for such advances alleged to have been made during the current year 1883, and for all of which a ranking privilege was claimed on the crop, the buildings and improvements, and on the working animals and implements of husbandry.

To that action the syndic engrafted a demand for the same amount, sounding in damages against the Citizens' Bank for an alleged violation of an agreement made by the bank, as part of the contract between Himel as merchant and Logan as lessee and Tricou as lessor, by which the bank had stipulated not to seize the leased premises or otherwise interfere with the lessee in the cultivation or saving of his crop, before the middle of January, 1884.

2d. Bourgeois and Lefort urged a claim for lumber furnished in the sum of $45 00, with privilege on the sugar-house.

3d. L'hote & Co. claimed the sum of $669 72 as a balance on certain cabins and materials therefor furnished to the plantation, with privilege on the property thus sold by them.

4th.   Lawrence Keefe urged a claim of $473 94, for sundry articles of machinery and repairs on the mill and engine, with privilege on the engine.

5th.   James Reagan intervened as subrogee of A. Carrière & Sons on a claim of $950 00, as the purchase price of four certain mules described in the testimony, and of a horse, with privilege on the animals sold.

6th.   Mrs. S. P. Logan, wife of the lessee, J. E. Logan, claimed the sum of $3200 out of the proceeds of the sale of one undivided half of all the mules, agricultural implements and all other movable effects on the plantation at the date of seizure, on the ground that said described property had been transferred to her in full ownership by her husband as a *dation* in payment, on a claim of $4458 which she had against him for the restitution of her paraphernal funds received for her by her said husband.

7th.   A Carrière & Sons, to whom the Citizens' Bank, plaintiff herein, was subsequently subrogated, urged a claim exceeding $11,000, as holders in collateral security of notes aggregating some $15,000, acquired by them in due course of business from A. F. Himel, said notes being included in those representing the advances of the current year, making up the sum of $20,000 hereinabove mentioned as evidenced by the factor's contract between Himel the commission merchant and John E. Logan the lessee.

The various issues presented by the interventions were dealt with by the district court, as in the case of a *concursus*, and the trial resulted in a judgment dismissing the intervention of the syndic of. A. F. Himel, and maintaining all the other interventions for the sums respectively claimed by the intervenors.   The merits of the judgment as regards each of the interventions will be considered in another part of this opinion.

The syndic alone has appealed from that judgment; and the defendant Tricou has appealed from the judgment against him on the main action, rendered on the 23rd of February, 1884.

His contention is that he could not be condemned as proposed in the judgment, for the reason that he had no title or ownership to the Greenwood plantation at the time that this action was brought against him.   The grounds of this action are as follows:

Tricou acquired the Greenwood plantation by purchase from Mrs. J. B. Maureau, who had bought it in 1866, at a marshal's sale, under the confiscation act of Congress of 1862; up to which time said plantation

had been the lawful property of Gen. Braxton Bragg, for whose alleged offenses the confiscation sale had been made.

It is then stated that by the death of Gen. Bragg, which had occurred before the date of this suit, the title of Tricou, which was that of a life-estate only, had terminated and that the title to the fee had then and thus reverted to the legal heirs of Gen. Bragg, who were the lawful owners of the property at the time of the institution of this suit.

Had this issue been tendéred by the pleadings, the argument used by appellant would be very plausible, if not unanswerable. But, as stated in the first part of this opinion, Tricou's only defense was the general denial—under which no such issue as this, which was tendered on trial only, and now on appeal by way of argument, can be entertained. The plainest rules of practice are sufficient to justify the complete elimination of this issue in the present controversy. An adjudication of that issue under the pleadings as made and as presented, might have the effect of annulling the sale made under the judgment, and of settling titles to a large estate, in the absence, as parties to the suit, of the heirs of Gen. Bragg, who are the alleged owners of the plantation.

Hence, we find no authority or power to justify us to disturb the judgment on this ground. In a proper proceeding, and with the proper parties before the Court, the defendant would doubtless find a remedy from the error which he invokes in this connection.

1st. These considerations will serve to dispose of some of the positions assumed in this Court by the syndic of A. F. Himel in reference to the judgment which he appeals from and which distributes the proceeds realized from the sale of the plantation and appurtenances.

Feeling and appreciating the weakness of his contention for a privilege for his advances on the buildings, improvements, working animals and movables generally, which had been attached to the plantation during the lease, of which Tricou was joint owner with Logan the lessee for one-half, the syndic appellant advances the following argument in support of his claim to at least one-half of the proceeds realized from the sale of that specific property.

. He bases his contention on the right of Tricou to claim as his property all the improvements which he had placed on Greenwood plantation during his occupancy under his life-estate—and as the rights of Tricou have been seized by Himel under a judgment which he had obtained against Tricou on confession for $32,941, the full amount of his claim against Logan and Tricou *in solido;* the syndic as judgment cred-

Citizens' Bank vs. Manreau et als.

itor has the legal *status* and power to enforce all the rights which Tricou had in the premises.

But appellant is met by an insuperable objection emanating from the very law which he invokes in support of his claim. Article 508 Civil Code, reads: "When plantations, constructions and works have been made by a third person, and with such person's own materials, the owner of the soil has a right to keep them or to compel this person to take away or demolish the same."

Then the article provides as follows: "If the owner keeps the works, he owes to the owner of the materials nothing but the reimbursement of their value and of the price of workmanship, without any regard to the greater or less value which the soil may have acquired thereby."

Now, either Tricou was the owner of the soil at the time of the seizure, or, as the syndic seems to contend, the legal heirs of Gen. Bragg were the owners thereof. If Tricou was the owner, the claim falls because the improvements, having been attached to his own soil, became part thereof and as such became with the land subject to the mortgage of the Citizens' Bank. If the heirs of Bragg were the owners, Tricou has not the power to claim compensation for his improvements before the owner of the soil has elected to keep them. Kibbe vs. Campbell, 34 Ann. 1163, and authorities therein cited.

Hence it follows that under the pleadings in this case the syndic's contention cannot be entertained, and that such balance of the proceeds realized from the sale of the improvements as may remain in the hands of the sheriff after paying the special privileges to be recognized in the decree which will be rendered herein, might eventually be applied to the unpaid portion of the mortgage of the Citizens' Bank, unless in a proper proceeding it should be judicially ascertained that Tricou was not the owner of the soil at the time of the seizure. In that event the law quoted from the Civil Code would take its natural course, and the syndic appellant might properly enforce the rights of his judgment debtor to a portion of the proceeds. To that end his rights will be reserved in our decree.

It needs no argument to dispose of his pretentions to a privilege on the buildings and improvements as a security for his advances, although such a privilege was stipulated in his act of pledge with Logan. The law confers no such privilege, and none can be enforced —a privilege cannot be created by convention between the parties, it must derive its existence from the nature of the contract and from the law applicable thereto.

Himel's claim against the Citizen's Bank on account of its alleged violation of the agreement for a stay of execution, cannot be enforced in an intervention involving the proper distribution of the funds realized from the very execution complained of as untimely and illegal. Such a demand can have no possible connection with the only matter under consideration which is the disposition of a fund to be distributed, and in which this appellant seeks to participate. It is simply a claim for damages, and could be enforced in a direct action only. His rights to such an action are reserved. His intervention should be dismissed as in case of non-suit.

We shall now proceed to consider the other interventions.

2d. The privilege claimed by Bourgeois and Lefort should have been rejected, for the reason that the sugar-house on which they attach their privilege was not appraised separately.

The appraisement on this score was as follows: "All the buildings and improvements and all its appurtenances appraised at $7,120—*pro rata* proceeds for the same as shown by the sheriff's deed, $2,835 56.

It is true that the sugar-house was included in that appraisement—but it appears from the record that there were many other buildings; such as a dwelling-house and out-houses, stables, laborers' quarters, etc., and these were also included under the same heading, hence the impossibility to ascertain the appraised value of, or the *pro rata* brought by the sugar-house.

3d. Similar reasons apply to, and dispose of the privilege erroneously allowed to L'hote & Co. Their claim was for a privilege on the cabins and appliances furnished by them to the Greenwood plantation—but those cabins were not separately appraised, hence the court cannot legally ascertain the amount realized from the sale thereof.

4th. We find no error in the allowance made in favor of Lawrence Keefe. The engine which was subject to his privilege was appraised separately, and it appears from the sheriff's deed that the *pro rata* proceeds realized therefrom, amount to the sum of $597 38.

5th. We find error in that part of the judgment which recognizes a privilege in favor of James Regan, subrogee. for the full amount of his claim of $950, and directs the payment thereof out of the " proceeds of sale of the mules sold herein." The record shows that thirty mules were " sold herein " as attached to the Greenwood plantation, and that the *pro rata* proceeds realized therefrom amounted to $1,194 76. It would indeed be a violent presumption to hold or contend that the four mules sold by Regan to the lessee had brought $950 of that amount.

The mules sold by this intervenor were not appraised separately, and if his mules were yet on the plantation, which is not shown affirmatively by the record, they were appraised and sold in block with twenty-six other mules, and the record contains no evidence of their separate value, or of the amount realized from the sale thereof. Again, that feature of the judgment is incompatible with the allowance made in the same judgment in favor of Mrs. Logan, under the alleged *dation* in payment of her husband to her. That sale includes one-half of the thirty mules in question. The practical effect of that adjudication involves the problem of paying in full $597, the half realized from the thirty mules, and $950, say $1,547 and interests with a fund amounting to $1,194 76. The privilege claimed by Regan must therefore be rejected.

6th. We are also constrained to differ with our learned brother of the district court in his conclusions touching Mrs. Logan's claim.

Her contention is that, at the date of the sale, she was the absolute owner of one-half of thirty mules and of other movable property included in the seizure, aggregating per appraisement, the value of $2,825, and that she was also the owner in full of other movable property appraised at $435, all of which had been transferred to her by her husband in part payment of her paraphernal funds, amounting to $4,458 20. The whole evidence introduced by her, in proof of her claim, consists of the act of *dation en paiement*, of her own testimony and that of another witness. The act proves nothing but the intention of the parties—the other witness avowedly knows nothing of the correctness of her claim—and she is thus alone to establish a claim of $4,458.

That evidence is far from being satisfactory, and falls short of the requirement of Art. 2277 of the Civil Code, touching corroborative circumstances supporting the testimony of one witness in proof of obligations exceeding five hundred dollars. Cutler vs. Collins, 37 Ann. 95. Her claim should have been defeated.

These views eliminate from discussion many other points discussed by counsel in connection with the claim.

7th. There is no error in the disposition made by the district court of the proceeds realized from that portion of the crop of 1883, which had been sequestered in the suit of the Citizens' Bank, and which were applied by the judgment in part satisfaction of the privilege securing the notes acquired from the factor Himel by A. Carrière & Sons, and transferred *pendente lite* to the bank.

The record does not show what amount was thus realized from that source, but it is conceded that it was insufficient to satisfy the amount actually due to the Carrières; that amount is fixed by the judgment at $11,000; as contended for by appellant, it should be reduced to $10,563—but that error is of no moment, as the proceeds of the crop are avowedly insufficient to satisfy the claim even as thus reduced.

The syndic and appellant, holding one of the notes of the series making up the advances of $20,000, erroneously contends that he should partake in the *pro rata* realized from the crop. Himel, as the transferrer of the notes held by the Carrières, could not compete with his transferees in the proceeds of the property burdened with a privilege to secure said notes, if they are not sufficient to satisfy the claims of both. Abney & Co. vs. Walmsley et al. 33 Ann. 589; Reine vs. Sack, 31 Ann. 859; Barkdull vs. Herwig, 30 Ann. 618; Salzman vs. His Creditors, 2 R. 243.

His syndic, as his assignee, cannot exercise rights which he himself did not possess.

There is no force in the contention as advanced by this syndic appellant, that the Citizens' Bank is estopped from claiming the ownership of this claim under the subrogation from Carrière & Sons, by its judicial recognition in this suit, of the ownership thereof by Carrière & Sons. He has no interest in law to raise such an issue. The Carrières do not complain, and he cannot be allowed to champion their supposed rights of ownership; whether the amount is received by the Carrières or by the bank, is an incident of no concern to this appellant who, in either event, is not in the least affected in any of his rights. 34 Ann. 907, Bothick vs. Greves et al.

We have thus disposed of all the pertinent contentions which are presented under the pleadings, and we reach the conclusion that the funds now remaining in the hands of the sheriff after the payment of Lawrence Keefe's claim, and of the costs incurred in the *concursus* below, should be retained by him until, and subject to, the final adjudication of the rights which are herein reserved in favor of sundry parties to the proper distribution of such balance.

It is therefore ordered, adjudged and decreed that the judgment rendered on the 23d of February, 1884, be affirmed at the costs of the defendant Tricou in both courts, subject to the reservation hereinabove made in his favor; and that the judgment rendered *in concurso* on March 30, 1885, be amended as follows:

Said judgment is affirmed in so far as it recognizes the privilege of Lawrence Keefe on the proceeds of the mill and engine, and in so far

as it enforces the privilege of the Citizens' Bank as subrogee of A. Carrière & Sons on the proceeds of the sequestered crop of the year 1883; and that said judgment be amended in so far as it dismisses the intervention of Himel, syndic, which intervention is hereby rejected as in case of non-suit, with all the rights reserved in this opinion, and that said judgment be annulled, avoided and reversed in all other particulars.

It is further ordered, adjudged and decreed that the privileges claimed by Bourgeois & Lefort, G. L'hote & Co., James Regan, S. P. Logan, wife of J. E. Logan, be rejected as in the case of non-suit, and that their respective interventions be hence dismissed at their costs respectively in both courts.