No. 10,204.

SUCCESSION OF FRANCIS H. ROGERS.

OPPOSITION OF LOUIS F. PECOT TO TABLEAU OF CLASSIFICATON AND DISTRIBUTION.

A twelve months' bond which operates as a vendor's privilege must, in the settlement of a succession, be paid by preference and priority over all other privileges, except the expenses for the sale of the property, affixing seals and other expenses necessary to the sale of the property.

A privilege for supplies can only be enforced on the crop for which they were furnished.

An administrator who sues the succession for a debt due to himself, and cites himself as administrator, cannot, by such a proceeding, conclude the creditors of the succession by the judgment rendered in the case. The creditors, by opposition to his account, can inquire into his claim as though no judgment had been rendered.

An administrator who claims a privilege on personal property of the succession, and sells the real estate and personal property in bulk, without separate appraisement, loses his privilege.

APPEAL from the Nineteenth District Court, Parish of St. Mary. *Winchester, J., ad hoc.*

*D. Caffery* for Opponent and Appellant.

*Foster Brothers, contra.*

The opinion of the Court was delivered by

McENERY, J. W. P. Kemper, the administrator of the succession of Francis H. Rogers, filed his tableau of classification and distribution of the funds of said succession.

The assets of the succession are the proceeds of the sale of the immovable property, the Pleasant Side Plantation, live stock and agricultural implements sold in bulk, amounting to $7600, and the proceeds of the sale of sugar and molasses, amounting to $2626 75.

The opponent, the owner and holder of a twelve months' bond, which operates as a vendor's privilege, claims that his twelve months' bond should be first paid out of the fund realized from the sale of the real estate, and also opposes the claim of Foster Brothers, for attorney fees, for attending to litigation in the United States Court, as the services rendered do not belong to that class of law charges to which a privilege is attached and to the claim of the administrator for a privilege for $1481 10 and interest. There are other items opposed in the account, but they seem to be abandoned by the opponent, as in the brief it is asked that "the tableau of classification should be so amended as

to place the opponent's bond as the first privilege after the law charges, and by striking therefrom the privilege of W. B. Kemper for $1481 10, and the fee of $400 allowed Foster Brothers for appearing before the United States Court," and as thus amended the judgment of homologation be affirmed.

The twelve months' bond and interest owned by opponent amounted to $6181 32 at the date of filing the account. It is secured by the vendor's privilege on the immovable property, and therefore he has preference and priority on the proceeds of the sale of the property over all other privileges, except the expenses for the selling of the property, affixing seals, costs of inventory, etc. Suc. Forstall, 39 Ann. 1052.

The claim of Foster Brothers for services in the United States Court was incident to and necessary for the protection of the succession property, and is, therefore, to the amount allowed, a valid and privileged claim against the succession. But we are inclined to the opinion that, considering the amount of the succession, and the character of the litigation accompanying its administration, the fee of $700, allowed by the administrator, is sufficient to cover all services rendered, including attention to the rules in the United States Court.

The amount of $1481 10 with interest, claimed as a privileged debt by the administrator, should not be allowed as such. The claim is based upon a note given by the deceased to Kemper, the administrator, in 1875, for seed cane, mules and agricultural implements sold to him. It was recorded March 8, 1875. Rogers died in 1879, and in 1881 Kemper brought suit against himself as administrator, and obtained a judgment recognizing his privilege. No one opposed the suit. There is no argument needed to show that such a judgment is not binding on the creditors. He sold seed cane in 1875, and in 1881. When he asserted his privilege, many crops had been made, and as many times the seed cane had reproduced itself. His privilege for this item could only have been enforced against the crop upon which he had made advances. The mules and agricultural implements, if they had not diminished in numbers, must have deteriorated in value. They were , 'd by the administrator with the plantation, and were confusedly sold with o₁ r things, without separate appraisement and identification. He has therefore, lost his privilege. 37 Ann., p. 3—857.

It is, therefore, ordered, adjudged and decreed that the claim of the administrator for $1481 10, with eight per cent interest from February 5, 1876, be rejected as a privileged debt, and that the claim of Foster Brothers be reduced to $700, and as such it be recognized as a privileged

debt, and that the opponent's twelve months' bond be placed on the tableau of classification as a first privilege after the payment of the law charges, and as thus amended the judgment homologating the account be affirmed.