## No. 13,641.

## PAYNE & JOUBERT vs. C. A. BUFORD ET ALS.

### SYLLABUS.

1. This action as brought cannot be considered revocatory in character, to set aside acts and things done in fraud of creditors, or as giving an unfair preference, because the proper allegations are not made and because necessary parties are not cited.

2. Viewed as an action *en declaration de simulation* the attack made on the sheriff's sale of property must fail, for the evidence shows the sale a real one, and that a valid consideration was paid.

3. Whatever presumption of simulation arose out of the circumstance of the debtor's continued occupancy and possession of the plantation, was rebutted by satisfactory explanation.

4. The vendor's privilege on machinery put in a sugar house is lost if the creditor permits the machinery to be sold confusedly with a mass of other things

5. Having lost their own privilege, plaintiffs have no interest to contest the rank of other mortgage and privilege creditors on the proceeds of the sale.

APPEAL from the Twentieth Judicial District, Parish of Terrebonne—*Caillouet, J.*

*Norton R. Roberts* and *Branch K. Miller,* for Plaintiffs, Appellants.

*Suthon & Wallis,* for Defendants, Appellees.

The opinion of the court was delivered by

BLANCHARD, J. C. A. Buford and J. B. Bernard, owners of the "Forest Grove" plantation, associated themselves together in an agricultural co-partnership known as Buford & Bernard, and cultivated the plantation.

On June 19, 1897, they bought of the commercial firm of Payne & Joubert certain sugar house machinery, or parts of machinery, for the price of $5,100, represented by three notes. This contract was recorded in the mortgage records of the parish the second day thereafter.

The first of the notes to mature was, it seems, paid. The other two have not been paid.

The machinery so purchased was made use of as part of the equipment of the sugar house on the plantation.

Ermann & Cohn were the factors or commission merchants of Buford & Bernard, and the latter firm owed the former, at the end of 1897, a sum exceeding $10,000 for advances, which they were unable to pay.

In February 1898 Ermann & Cohn brought suit on their claim, and Buford and the widow and heirs of Bernard (who had died) confessed judgment in their favor. This confession was made the basis of a formal judgment by the court.

At or about the same time, Mello Wolf brought suit against C. A. Buford for $2000, with interest, etc.

She held notes for this amount, which were secured by vendor's privilege on an undivided fourth of the plantation, and by special mortgage on an undivided half thereof. Her demand was for a judgment against Buford for the amount of her claim, with recognition of her vendor's privilege as above and that her "entire mortgage be recognized as bearing on three-fourths of the property." Her privilege and mortgage primed all other liens or encumbrances recorded against the plantation.

Buford confessed judgment in her favor and a formal judgment was thereupon entered up, with recognition of privilege and mortgage as claimed by her.

Following this, writs of *fi. fa.* issued on the two judgments and the "Forest Grove" plantation was seized, advertised for sale and sold on March 26, 1898—Ermann & Cohn becoming the purchasers for the price of $10,000, which was two-thirds of the appraised value of the property.

Of this sum, the adjudicatees paid into the hands of the sheriff $4,692.68, which sum was used by the sheriff in payment of the costs and in satisfying the mortgage claim and judgment of Mello Wolf. The remainder of the purchase price, $5,307.32, Ermann & Cohn retained in their hands to be applied to the mortgages next in rank after the Wolf mortgage.

Some eleven months following this sale, Payne & Joubert brought the present suit. It is an action containing several demands:—

1. The contract with Buford & Bernard for the machinery is set forth and judgment is asked against Buford and the widow and heirs of Bernard for the balance due under the contract, evidenced by the two unpaid notes, with recognition of the vendor's privilege on the machinery sold.

2. Ermann & Cohn are made parties defendant and the sheriff's sale at which they acquired the property is attacked as a sham and fraud, the result of a fraudulent conspiracy concocted to defeat the rights of the plaintiffs and other creditors of Buford & Bernard.

3. In the event, however, the sale be not annulled as a fraudulent simulation, then the charge is made that the pretended purchasers have never paid the price of the adjudication to any one entitled thereto, but make pretense of holding same for account of certain defunct mortgages.

The prayer of the petition is in accordance with the above.

It is noticeable that *the judgments* under which the sale of the plantation was effected are not attacked. It is the sale only which is assailed.

It is also noticeable that, in the event the sale should be not set aside, while it is *prayed* that plaintiffs be paid out of the proceeds thereof by preference, as the ranking creditor, Mello Wolf, and other creditors appearing on the mortgage certificate, read at the sale, as holding mortgages and privileges of registry anterior in date to that of plaintiffs, are not made parties defendant.

The defense to the action is a general denial of the averments of plaintiff's petition, the assertion of the *bona fide* character of the sale, and the payment of a valid consideration therefor.

It is further set up in defense that if plaintiffs ever had a privilege as vendor of machinery, as claimed in their petition, they had lost the same by permitting the objects upon which the privilege rested to be sold confusedly with the plantation and other movables attached thereto.

The judgment below was in favor of the plaintiffs against their debtors, Buford and the widow and heirs of Bernard, for the amount of the two notes sued on, but rejecting their demand in all other respects. They appeal.

## OPINION.

No one disputes the correctness of the moneyed judgment in favor of plaintiffs against Buford and the estate of Bernard.

The suit as brought, in so far as the attack upon the sheriff's sale is concerned, presents only the question of simulation *vel non*.

It might have been given, too, the character of a revocatory action, seeking to annul acts of a debtor alleged to have been done in fraud of creditors, or as giving an unfair preference, by proper allegations in the alternative and by making proper parties. Thus, it is permissible in the same action to charge simulation, and, in the alternative, allege that if the thing done be not a simulation, then it is a fraudulent act or transaction done in fraud of creditors, etc.

Johnson vs. Mayer, 30 La. Ann. 1203.

But this was not done, nor were others in interest, necessary parties were this a revocatory action, particularly Mello Wolf, under whose writ the sale was likewise effected, made parties defendant.

Viewed as an action *en declaration de simulation,* the attack on the sale must fail, for the evidence shows the sale a real one and that a valid consideration was paid.

Brown vs. Brown, 30 La. Ann. 966.

Mello Wolf was paid out of the purchase price the amount of her judgment, which was founded, as we have seen, on a vendor's privilege and special mortgage, and the validity of which is not questioned.

The remainder of the price was, as the law authorizes, retained by the purchasers in their hands to be applied to subsequent mortgages inferior in rank to the Wolf mortgage, but priming the judgment of Ermann & Cohn against Buford & Bernard.

But plaintiffs urge that Buford retained possession of the plantation after its sale to Ermann & Cohn and cultivated the same, and they point to this as a badge of the simulation they set up.

True, Buford did remain on and cultivate the place and it is not shown that he held it merely as a tenant of the purchasers.

But it is shown that Ermann & Cohn agreed, in the event of their purchase, to transfer the property to Buford for what it cost them, of which amount Buford was to pay them one-half on January 15, 1899, and the remainder January 15, 1900, with 8% interest from date. ·

This was a legitimate transaction and accounts for Buford's continued occupancy of the premises. Ermann & Cohn were satisfied to obtain their money out of the property; did not care to hold it themselves; and were willing to sell to Buford at a price representing what the property stood them in hand. When Buford, remaining on· the place and cultivating it, paid them, they would make him a title. The parties being in good faith, we can see no legal objection to this arrangement.

See Davis vs. Citizens' Bank, 39 La. Ann. 523.

Erwin vs. Chaffe, 51 La. Ann. 53.

Holmes vs. Sheriff, 15 La. Ann. 553.

Amato vs. Ermann & Cohn, 47 La. Ann. 976.

Undoubtedly, plaintiffs had the vendor's privilege upon the machinery purchased from them and put in the sugar house, and that by seasonable registry of the evidence thereof, if registry was required, the same was preserved as against creditors who held mortgages at that time upon the plantation or subsequently acquired mortgages upon it.

But when, later, the plantation and everything upon it, immovable by destination, was seized under judgments obtained against the owners, and advertised for sale, and plaintiffs neglected to take timely action to protect their privilege as vendors of the machinery, they lost the same. Thus, they allowed the things upon which their privileges rested "to be sold confusedly with a mass of other things."

C. C. 3227.

They should have demanded a separate appraisement and separate sale of. the machinery. It is by reason of sleeping on their rights in this particular that a loss is entailed upon them.

See Citizens' Bank vs. Maurian, 37 La. Ann. 857.

Scannell & Lafaye vs. Beauvais, 38 La. Ann. 217.

Shakspeare, Smith & Co. vs. Ware, 38 La. Ann. 571.

Succession of Rogers, 41 La. Ann. 400.

Having lost their own privilege, plaintiffs have no standing to contest the rank of other mortgage and privilege creditors in respect of the remainder of the purchase price of the plantation left over in the hands of Ermann & Cohn after payment of the costs and expenses of the sale and the amount of the Mello Wolf judgment.

Besides, in so far as they attack the validity or continued existence of those mortgage and privilege claims and their right of priority, it were essential to make the holders thereof parties to this litigation, and this has not been done.

We find other matters discussed in the briefs filed on behalf of the plaintiffs, but deeming them either not issues properly raised in the case, or not relevant, or material, the same are passed without comment.

Judgment affirmed.

Rehearing refused.