ROBERT H. THORNE and another *v.* BRIDGET EGAN and Husband.

A married woman, who is a public merchant, may bind herself for any thing relative to her trade, without being empowered by her husband ; and in such a case, if there be a community of *acquêts* the husband will be also bound.  C. C. 128.  Otherwise, if not a public merchant.

The authorization of the husband to the commercial contracts of the wife, is presumed by law, whenever he permits her to trade in her own name.  C. C. 1779.

The wife cannot deprive the husband of the right to administer her dowry.  He administers it for his own account, and not as her agent, and is not accountable to her for the profits or revenues derived from it.  C. C. 2329, 2330.  His obligations are those of an usufructuary.  C. C. 2344.  Debts contracted by him, during the marriage, as administrator of the dowry, are personal to him, and cannot bind the wife, if she renounce the community.  C. C. 2379.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Eggleston* and *L. Peirce*, for the appellants.

*Molloy* and *Preston*, for the defendants.

MORPHY, J.   The defendants are sought to be made liable on a promissory note signed by Bridget Egan alone.   It is alleged in the petition, that, at the time of its execution, there existed between the defendants a community of *acquêts* and gains ; that Bridget Egan was a public merchant and trader, residing and transacting commercial business in the city of New Orleans ; and that the note sued on was given by her in reference to her business and trade.   The answer denies that Bridget Egan was a public merchant at the time she signed this note, (twenty-sixth October, 1840,) or that she had transacted any commercial business since her marriage with Owen D. Egan up to the period of her separation of property from her husband, in the autumn of 1841.   It avers that the note was given to secure a debt, contracted by Owen D. Egan in the business in which he was engaged, and of which he had the sole

management. There was a judgment below in favor of the defendants, reserving to the plaintiffs their action against Owen D. Egan, for goods sold and delivered.

Had the facts set forth in the petition been supported by evidence, they would have presented a clear case in favor of the plaintiffs. Under our law, the wife, who is a public merchant, may, without being empowered by her husband, obligate herself in any thing relating to her trade; and in such a case her husband is bound also, if there exist a community of goods between them. The authorization of the husband to the commercial contracts of the wife, is always presumed by law, when he permits her to trade in her own name. C. C. arts. 128, 1779. There is no evidence in this case, that Bridget Egan was a public merchant, when she signed this note, on the twenty-sixth of October, 1840. It appears, on the contrary, that since her marriage, which took place on the thirtieth of December, 1837, the business which she had until then carried on in her two clothing stores, was exclusively managed and conducted by her husband, whose name was put on the door of the stores; and that the plaintiffs, who formerly kept their account with her, as the widow of one Finney, then kept it in the name of Owen D. Egan.

The counsel for the plaintiffs have contended that, as the two stores which she owned before her marriage, and which she settled upon herself as a dowry, were appraised, with a declaration that the valuation was not intended to transfer the property to her husband, she continued to be the owner of these stores; that, if the business in them was afterwards carried on by Owen D. Egan, in his own name, he must be considered as her agent in their management; and that she is liable, as the goods for which the note was given were placed in her stores, and thus enured to her benefit. It is clear that, as the law entitles the husband to the administration of the dowry, and as the wife cannot deprive him of it, he administers her dotal property for his own account, and not as her agent, and is not accountable to her for the profits or revenue he may derive from it. His obligations are those of an usufructuary. The clothing stores, which formed the dowry in this case, could not be otherwise used or administered, than by retailing the goods in them at the best possible prices, and renewing

the stock from time to time so as to do a profitable business.   This the husband was unquestionably authorized to do.   The debts which he may have contracted during the marriage, for the fulfillment of his obligations as administrator of the dowry, are personal to him, and cannot be binding on the wife, if she sees fit to renounce the community.   C. C. arts. 542, 2329, 2330, 2344, 2379. It may be doubted whether, from the nature of the property brought in marriage by Bridget Finney, the valuation did not necessarily transfer it to the husband, notwithstanding the declaration that it was not intended to have that effect.   But, be this as it may, it is clear, that a married woman is without capacity to contract, without the assistance of her husband, unless she be a public merchant carrying on a separate trade.   The business in reference to which this note appears to have been given, was transacted by the husband alone ; the wife had no share whatever in it, nor had she any right to interfere with it.   She could only claim a restoration of the property, or its value, in a suit for a separation of property from her husband on showing, as she has done, that her dowry was in danger.   C. C. art. 2399.   As to Owen D. Egan, the judge below was of opinion, and we think correctly, that under the pleadings and evidence no judgment could be rendered against him in this suit.   He was no party to the instrument sued on ; and the plaintiffs have utterly failed to make out the legal grounds on which alone he could be held liable on it.

*Judgment affirmed.*