## G. W. JOHNSTON v. JAMES PIKE.

When it is shown that the wife has disposed of property belonging to the community, for the purpose of procuring the necessaries of life for herself and children, which her husband failed to furnish them with, his authorization to her to sell will be presumed, under the provisions of Article 1779 of the Civil Code.

The right of the wife in this respect is extremely limited, since the husband's authorization is only implied in contracts entered into by her to procure the necessaries of life, and only when his neglect to supply them gives rise to that emergency.

APPEAL from the District Court of the Parish of St. Martin, *Voorhies*, J. *DeBlanc & Fusilier*, for plaintiff and appellant. *E. Simon*, for defendant.

VOORHIES, J. This is contest for the ownership of a mare named *Jewel*, the defendant setting up title from the plaintiff himself, through a purchase from the latter's wife.

The question resolves itself into one of authorization from the husband to the wife, under the provisions of Art. 1779 of the Civil Code. It is there said : That " the authorization of the husband to the commercial contracts of the wife, is presumed by law, if he permits her to trade in her own name ; and *to her contracts for necessaries for herself and family, when he does not himself provide them.*" The parties, however, disagree upon the interpretation of the Article above quoted.

The evidence shows the necessitous circumstances of *Mrs. Johnston* and of the children under her care ; that she sold the mare, *Jewel*, to the defendant for a valuable consideration, for the purpose of providing for their support, education and maintenance ; that the proceeds of the sale were accordingly applied. On the other hand, the plaintiff did not furnish them the necessaries of life, and they were left to shift for themselves. It is true that, at the time, there were several suits pending between the husband and wife, in one of which, the parties claimed mutually a separation. But this did not dispense the plaintiff from providing for the support of his wife and family, until the termination of the litigation. Had he shown, however, that he had, if not furnished, at least endeavored to furnish them the necessaries of life, he would be entitled to relief. This silence and inaction in this matter, must be taken as a tacit authorization to the contracts of his wife for necessaries.

The plaintiff admits that the wife has the right to purchase the necessaries,

but not to dispose of property belonging to her husband or to the community, for the purpose of accomplishing this object. As the property sold belonged to the community existing between the plaintiff and his wife, our remarks will be limited to the disposal of community property by the wife.

The text speaks generally of *contracts for necessaries*, and does not limit the wife to a mere purchase of necessaries. It may very well happen that, in order to procure them, she may be compelled to pledge movable property; nay, the sale of such movables may be the only way by which she could procure wherewith to purchase the necessaries of life.

It cannot be said that the wife and the children must starve and remain without the other necessaries of life, or trust to the cold charities of the world, rather than dispose of some movables belonging to the community of which she is a partner. Conceding the necessity of a pledge or sale of property by the wife, in order to procure the necessaries of life for herself and children, and the failure of the husband to furnish them to his family, his authorization would be presumed.

Nor does this view of the case put the whole property of the community to the mercy of the wife, as contended for by the appellant's counsel; the right of the wife is extremely limited in this respect, since the husband's authorization would be implied only to contracts to procure the necessaries of life, and not beyond that emergency. *Thorn* v. *Egan et al*, 3 Rob. 329; *Deslix* v. *Jonc*, 6 Rob. 293.

Judgment affirmed.

MERRICK, C. J. I do not think the plaintiff equitably entitled to recover, without tendering to the defendant the amount which he has paid for his benefit. On this ground, I concur, with some hesitation, in the decree.

LAND, J., was not present at the decision of this case.