First Circuit

No. 400

SPRING v. BARR

(February 13, 1929. Opinion and Decree.)

Morgan and Simmons, of Covington, attorneys for plaintiff, appellee.

Miller and Heintz, of Covington, attorneys for defendant, appellant.

MOUTON, J. In July, 1923, plaintiff obtained the issuance of a writ of attachment with garnishment process against defendant, an absentee, a resident of Meadsville, Pennsylvania.

Her demand was predicated on a claim for board and lodging given to Mrs. Walter L. Barr, wife of defendant, and daughter of the plaintiff.

Judgment was rendered in her favor by the District Judge, but on appeal was reversed by this Court and her demand nonsuited, March 2, 1926. The demand was renewed in the instant case on June 10, 1926.

The proof shows that Mrs. S. Barr, daughter of the plaintiff, was married to defendant on May 29, 1918; that he left her on the day following going to Meadsville, Pennsylvania, where apparently he has lived ever since apart from his wife. Her mother, plaintiff, claims she has lodged and boarded Mrs. Barr from the time her

husband left her to July 10, 1925, for which she demands the sum of eighteen hundred ($1800.00) dollars against defendant.

The record shows that the husband sent a pass to his wife and asked her to come up north to meet him, but immediately wrote back telling her not to come. The wife did not go, and is certainly not to blame for not going. During his long absence, the evidence shows, he has sent her only one hundred dollars ($100.00), all of which, and other facts, establish a clear case of abandonment of Mrs. Barr by defendant.

Plaintiff claims twenty dollars ($20.00) per month for lodging and boarding her daughter from May 29, 1918, to July 10, 1925.

Defendant introduced the certificate of the Court of Common Pleas of Meadsville County, Pennsylvania, to show that he had been divorced from his wife in July, 1923. The offering was objected to by counsel for plaintiff on the ground that there was nothing in the judgment to indicate that the Court rendering it had jurisdiction. It is unnecessary to consider the objection as a part of the claim of the plaintiff up to the time the aforesaid judgment of divorce was rendered, as it amounted to a sum exceeding twelve hundred dollars ($1200.00) whilst the sum which has been garnisheed in the hands of the Commercial Bank and Trust Company, garnishee in these proceedings, amounts to seven hundred and twenty-five dollars ($725.00), for which judgment was decreed in favor of plaintiff.

Defendant filed an exception of no cause or right of action to the demand of plaintiff.

This suit is for necessaries of life claimed to have been furnished the wife of defendant by plaintiff. Counsel for defendant contends that a suit for the recovery of such a claim could be brought only by the husband of the plaintiff, and that she has no legal authority to institute it or to stand in judgment herein.

In Article XI of her petition plaintiff alleges that she is separated in property from her husband. This averment of plaintiff was a material allegation of fact and is not denied specifically in the answer of defendant herein, or for want of sufficient information and belief, as is permitted by the pleadings and practice Act 228, 1924, the last one on this subject.

In answering Article XI of plaintiff's petition, defendant merely refers to the former suit, and says that it makes part of his answer.

In that former suit it was alleged and shown that plaintiff and her husband are separate in property. That fact is therefore proved and admitted.

A judgment of separation of property between husband and wife dissolves the community. Holmes vs. Barbin, 15 La. Ann. 553.

Married persons may stipulate that there shall exist no community between them. C. C. 2392.

Hence, when it is admitted, as in this case, that plaintiff was separated in property from her husband, it must be taken that there was no community existing between them at the time the obligation sued upon was incurred. Her claim could not therefore be a community asset but was for a debt relating to her separate property for which she could sue as a femme sole under Acts 94 of 1916, 244 of 1918, 219 of 1920; and without the authorization of her husband as was required by Art. C. C. 121.

The sum of seven hundred and twenty-five dollars ($725.00) was, as aforesaid, seized in the hands of the bank. The cashier testified that the money had been received from Arthur L. Bates, an attorney, instructing the bank to deliver it to Mr. Lewis L. Morgan, attorney for Mrs. Zula Spring Barr, wife of defendant. Counsel for defendant contends that as the bank had not answered the garnishment process, the statement of the cashier was inadmissible.

If the garnishee neglects to answer within the legal delay, which is the case here, it must be considered as a confession on its part that it has property in its hands belonging to the debtor sufficient to satisfy the demand. C. P. 262, 263; and, no judgment by default, or rule to show cause, is required to precede the final judgment of which such neglect imports the confession. Elders vs. Rogers, 11 La. Ann. 606.

In such a case, where the party is proceeding against an absentee, the silence of the garnishee to answer within the specified time, is sufficient to raise the presumption that he has sufficient funds in his hands, and thus maintain the jurisdiction of the Court. Rose & McCarthy vs. Whaley. 14 La. Ann. 374.

The record shows that the bank, garnishee, was properly cited, and failed to answer the interrogatories. For the reasons above stated the Court had jurisdiction, and the testimony of the cashier was properly received to show the amount of money the bank had on deposit for defendant. Counsel contends further that the testimony of the cashier did not show that the funds belonged to defendant. The letter of the attorney for the delivery of the money to Mrs. Barr, and her testimony show that the money deposited was the property of defendant, and was legally levied upon under the attachment proceedings.

Defendant pleads the prescription of one year under Article 3534, Civil Code, which provides that actions by "innkeepers and such others on account of lodging and board which they furnish" are prescribed in one year.

The original suit of plaintiff against defendant was filed in July, 1923, and after trial, was non-suited March 2, 1926.

Prescription will be interrupted by a judicial demand though the plaintiff be non-suited on the merits, or the Court be without jurisdiction. Geisenberger vs. Catton Lichtenstein & Co., 116 La. 651, 40 So. 929; Pecquet vs. Pecquet's Executor, 17 La. Ann. 219; Blanc vs. Dupre, 36 La. Ann. 847.

Such an interruption works a suspension of prescription during the pendency of the suit. Turner Wilson & Co. vs. McMain, 29 La. Ann. 298; Woodcock vs. Baldwin, 110 La. 270, 34 So. 440. When thus interrupted the full time for the prescription must be reckoned from the cessation of the interruption. Riviere vs. Spencer, 2 M. (O. S.) 79.

In this case the suspension of prescription was therefore continued until March 2, 1926, when the first suit was dismissed. In the present suit citation was served on the curator ad hoc appointed to represent defendant, and on the bank, in July, 1926, several months fully within the year after the suspension of prescription had expired by the effect of the prior suit.

Admitting that the action of the plaintiff is subject to prescription of one year under the article of the Civil Code relied upon by defendant, we find, that this suit was however brought in time for the reason hereinabove stated.

Finally, defendant contends that plaintiff cannot recover because there was no agree-

ment, express or implied, between her and defendant, by which the latter obligated himself to plaintiff. The proof shows clearly, that defendant left his wife, failed and refused to support her.

Civil Code, Article 1786 says that the authorization of the husband is presumed by law to the contracts of his wife for necessaries for herself and family, where he does not himself provide them.

In Johnston vs. Pike, 14 La. Ann. 731, the Court carried this doctrine to the extent of recognizing the right of the wife to sell movables of the community to provide herself and family with such necessaries when her husband fails to supply them as the law requires him to do. Obviously, lodging and board were indispensable necessaries to Mrs. Barr which were legally furnished by her mother and for which defendant is bound by an implied or quasi-contract.