### No. 3572

### Second Circuit

### WHITLEY v. BOATNER

(May 20, 1931. Opinion and Decree.)
(July 14, 1931. Rehearing Refused.)

F. R. Taylor and Goff & Goff, of Arcadia, attorneys for plaintiff, appellant.

R. L. Williams, of Arcadia, attorney for defendant, appellee.

WEBB, J. In this action plaintiff, T. J. Whitley, seeks to recover a balance alleged to be due on two certain notes which were indorsed and transferred to him by defendant, James M. Boatner, payee, after maturity. Defendant pleaded the prescription of five years, under article 3540, Civil Code, which was sustained, and judgment rendered dismissing plaintiff's suit, from which he appeals.

The notes were drawn by J. N. Jones on November 23, 1920, payable to the order of defendant on December 1, 1921 and 1922, respectively, and the payment of the notes was secured by vendor's lien and mortgage on certain property belonging to the drawer, who by an indorsement written on the back of the notes, of date February 21, 1923, acknowledged that the notes were due and unpaid, and on or about that date the payee, James M. Boatner, indorsed and transferred the notes to plaintiff, Whitley.

J. N. Jones was adjudicated a bankrupt on March 15, 1927, and the property mortgaged to secure the payment of the notes was sold in the proceedings in bankruptcy, and the proceeds delivered to Whitley, the holder of the notes. On November 21, 1927, plaintiff, after crediting the amount received from the sale of the property, filed suit against defendant to recover the balance due on the notes, which suit was dismissed as of non-suit on an exception filed by defendant, and the present action was filed on April 14 and service of process had on April 18, 1928.

In presenting the cause here, counsel in their brief devote some space to discussing matters which relate to the question of the necessity of presentment for payment and notice of dishonor, but such questions are not raised by the plea of prescription, and, considering the plea of prescription alone, the sole question presented is whether or not prescription had accrued on November 21, 1927, when the first suit was filed, and, if not, whether the suit brought on that date interrupted prescription?

The drawer of the note having acknowledged same by the indorsement of date February 21, 1923, while the note was in the hands of the payee, there cannot be any doubt that prescription was interrupted on that date (article 3520, Civil Code), and that the note was not prescribed on November 21, 1927, which appears to be conceded by defendant. Defendant being liable on the note at that time, prescription was interrupted by the suit filed on that date (article 3518, Civil Code), and we are therefore of the opinion that the plea of prescription should have been overruled.

It is therefore ordered that the judgment appealed from be avoided and set aside; that the plea of prescription be overruled, and the cause remanded for further proceedings, according to law. It is further ordered that defendant pay all cost of appeal.

McGREGOR, J., dissents.