This is an action ex delicto for personal injuries under Article 2315 of the Revised Civil Code, growing out of a collision between plaintiff and an automobile driven by defendant. For a cause of action plaintiff filed the following petition:
"1. That on August 3, 1936, your petitioner was working on the sewer system in the Town of Jonesboro, Jackson Parish, Louisiana, which was a WPA Project conducted in said Parish, and on which petitioner was regularly employed. That at said time your petitioner was in good health and strong physically, being well able to do any reasonable manual labor.
"2. That on August 3, 1936, at approximately 7 o'clock A.M., your petitioner, together with other employees had just reached their place of employment and had alighted from a truck which had transported them to said work. Your petitioner was standing by said truck on which he had been so transported to his work preparatory to removing some tools from said truck, when an automobile driven and operated by W.D. Jeffress, a resident of Jackson Parish, Louisiana, struck your petitioner and knocked him to the ground and ran over him, doing petitioner physical and bodily injuries as hereinafter set forth.
"3. Petitioner shows that the route over which the said Jeffress was driving said automobile at the time of said accident had a sharp curve or what might be described as an `S' curve in said road, and that the said driver of said automobile, W.D. Jeffress, failed to straighten his car in making said curve, and as a consequence struck your petitioner and knocked him to the ground and ran over him with said car. That said route over which the said W.D. Jeffress was traveling was in the immediate proximity of the Project on which your petitioner was working and that said accident was caused wholly and entirely by the negligent, wanton and careless operation of said automobile by the said W.D. Jeffress. That petitioner did everything possible to avoid said accident but was unable to do so and was free of any carelessness or negligence in bringing on said accident.
"That as a result of being struck by said automobile, knocked down and run over by the same, your petitioner suffered the following physical and bodily injuries: That both bones in the left leg were broken and *Page 478 
that said fractures have resulted in faulty unions and bad alignment, causing said leg to be shortened and deformed, and that petitioner by reason of said injuries to his left leg and knee has been totally and permanently disabled to do any work of a reasonable character and is rendered entirely unable to make a livelihood for himself and his family.
"4. That after said accident petitioner was forced to remain in a plaster cast for some three months during the hot summer time and is still confined to his bed and to his home and is now and always will be disabled as a result of said injuries to do any work of a reasonable character.
"5. Petitioner shows that as a result of said accident and physical injuries, he has suffered damages as follows:
"For bodily disablement, causing petitioner the loss of his earning capacity, $7,000.00; for physical pain suffered by petitioner as a result of said accident and the treatment he was forced to undergo, $5000.00; for medical aid and professional treatment which petitioner has had and which he will be required to have in the future as a result of said injuries, $1500.00.
"That your petitioner has been damaged by reason by said accident and resulting physical injuries caused entirely by the carelessness of the said W.D. Jeffress in the full sum of $13,500.00, in which amount petitioner is entitled to a judgment against the said W.D. Jeffress.
"Wherefore, petitioner prays that after due and legal citation of the defendant, W.D. Jeffress, and after legal delays elapse, there be judgment herein in favor of your plaintiff, Joe Lewis, and against the defendant, W.D. Jeffress, condemning the said defendant to pay unto plaintiff the full sum of $13,500.00, with 5% per annum interest from judicial demand until paid, together with all costs of this suit. Petitioner further prays for all general and necessary orders and equitable relief in the premises."
Defendant excepted to the petition on the ground that it failed to state a cause of action. This exception was overruled by the lower court. Defendant, reserving all rights under the exception, answered.
The case was tried on its merits, resulting in a judgment for defendant, rejecting plaintiff's demands. It is from that judgment that plaintiff is prosecuting this appeal.
At the beginning of the trial on the merits, defendant objected to any evidence for the alleged reason that the petition did not disclose a cause of action, thereby further protecting himself on the exception of no cause of action. In this court defendant has answered the appeal again reurging the exception.
For plaintiff to set out a cause of action he must specifically allege that defendant was negligent and that his negligence was the proximate cause of the accident and resultant injuries. It is not enough to allege in general terms that the accident was caused solely by the negligence of defendant. Neither are conclusions of the pleader sufficient. The facts constituting the negligence must be alleged.
The only allegation in the petition on which plaintiff could hope to sustain his suit is set forth in Paragraph 3 and is that at the time of the accident the street on which defendant was driving had a sharp curve, which might be described as an "S" curve; that the defendant failed to straighten his car in making said curve and as a consequence, struck petitioner and knocked him to the ground and ran over him. In the previous paragraph, No. 2, it is alleged that plaintiff was standing by a truck which had transported him to work when he was struck.
The rule is that pleadings are always construed strictly against the pleader.
The above-stated allegations and conclusions, without more specific allegations of fact to show negligence, are insufficient to justify a judgment against defendant, even if admitted to be true.
The allegation that defendant failed to straighten his car out in making the "S" curve is more or less meaningless, to our minds, and to say the least, is too vague and indefinite to be considered as an allegation of negligence. It is certainly not a sufficient allegation of negligence on which to base a judgment.
The lower court was in error in overruling the exception of no cause of action and the judgment in that respect is reversed and the exception of no cause of action filed by defendant is now sustained; and plaintiff's suit is dismissed at his costs. *Page 479