FISHER *v.* REASER ET AL.

[No. 16,983.   Filed February 2, 1943.   Rehearing denied March 13, 1943.   Transfer denied April 15, 1943.]

*Robert L. Smith* and *Francis W. Brown,* both of Portland, and *Richard L. Ewbank,* of Indianapolis, for appellant.

*Roscoe D. Wheat,* of Portland (*Francis A. Shaw,* of Muncie, of counsel), for appellee.

FLANAGAN, P. J.—On December 13, 1920, while appellant was a resident of the State of Ohio, judgment was rendered against him by the Common Pleas Court of Loraine County, Ohio, in the sum of $2,500 in favor of appellee Peter Reaser. Appellant continued to live in the State of Ohio until 1932 or 1933 when he moved to Michigan where he has since continued to live.

On February 6, 1940, this action was begun in the Jay Circuit Court on the judgment rendered in Ohio and for attachment and garnishment. Appellant answered by pleading the following Michigan statute of limitations:

"All actions in any of the courts of this State shall be commenced within six years next after the causes of action shall accrue, and not afterward,

except as hereinafter specified: Provided, However, That actions founded upon judgments or decrees rendered in any court of record of the United States, or of this state, or of some other of the United States, and actions founded upon bonds of public officers, actions founded upon covenants in deed and mortgages of real estate, may be brought at any time within ten years from the time of the rendition of such judgment, or the time when the cause of action accrued on such bond or covenant;"

Trial resulted in judgment against appellant.

The principal question presented by this appeal is whether appellant is entitled to the benefit of the Michigan statute of limitations. This involves interpretation of § 2-606, Burns' 1933, § 65, Baldwin's 1934, which reads as follows:

"The time during which the defendant is a nonresident of the state or absent on public business shall not be computed in any of the periods of limitation; but when a cause has been fully barred by the laws of the place where the defendant resided, such bar shall be the same defense here as though it had arisen in this state: Provided, That the provisions of this section shall be construed to apply only to causes of action arising without this state."

The second clause of the above statute, which is the clause here involved, has been interpreted as applying to actions against non-residents of this State in cases of this kind, where the cause of action arose without this State. *Van Dorn* v. *Bodley* (1871), 38 Ind. 402; *Harris* v. *Harris* (1871), 38 Ind. 423; *Wright* v. *Johnson* (1873), 42 Ind. 29; *Hobbs* v. *Ludlow* (1928), 199 Ind. 733, 160 N. E. 450; *Sinclair* v. *Gunzenhauser* (1913), 179 Ind. 78, 98 N. E. 37, 100 N. E. 376.

This clause does not provide that the statute of limitations which may be pleaded shall be that of the State

where the cause of action accrued. At the time of the commencement of this action the defendant resided in the State of Michigan. If the action was barred there, it was barred here.

Appellee Reaser insists that even though the Michigan statute is applicable appellant is not entitled to its benefit because he did not live there for a period of ten years before this action was commenced.

However, it is not contended that any statute of Michigan provides that any time when a defendant is not a resident of that State shall not be computed in the period of limitation. The Michigan statute relied upon simply provides that the action shall be brought within ten years from the time of the rendition of the judgment. We must conclude that appellant was entitled to its benefit.

Appellee also insists that the judgment was revived and kept alive by executions and certificate of judgment in the Ohio court and was therefore a valid judgment at the time of the commencement of this action. But the question is not whether the judgment was valid in Ohio but whether it was enforcible in Michigan. The Michigan statute is specific in providing that the action on the judgment must be brought within ten years from *the date of its rendition.*

In view of the above conclusion it is not necessary for us to consider other questions presented.

The evidence is undisputed and no need exists for a new trial. Judgment reversed with instructions to enter judgment for appellant.

NOTE.—Reported in 46 N. E. (2d) 280.