ELLIS, Judge.
Plaintiff seeks the recovery of a cow and calf, admittedly community property, sold by his wife to the defendant on or about September 30, 1950. Damages are alleged in the amount of $150 for the deprivation of the use of the cow, and in the alternative it is prayed plaintiff be awarded the sum of $250 covering the value of the cow and calf. The petition avers that at the time of the sale plaintiff and his wife were separated and that he had been paying alimony ample for all •of her needs and necessities; the animals were sold without his consent; the defendant knew plaintiff and his wife were separated.
The answer admits the defendant knew of the separation but purchased the animals in good faith upon the advice of his attorney. Further averments in the answer allege a community bill the amount of $12? due for an appendectomy upon a minor, issue of plaintiff and his wife, which he refused to pay; the necessitous circumstances of the wife; the payment by her of the doctor bill with the proceeds of the sale and the use of the remainder, after an offer to share it with the plaintiff, which offer was refused, to buy necessities for herself and minor child. In the alternative the defendant prayed for judgment against the plaintiff in the sum of $150, the price paid the wife, if plaintiff be decreed the owner of the animals.
From a judgment in favor of the defendant rejecting plaintiff’s demands at his costs, an appeal has been perfected.
The only legal question presented herein is that of the wife’s authority to sell chattels belonging to the community. Article 1786 of the Louisiana Statutes Annotated— Civil Code provides:
"Married women — Removal of incapacity by husband or judge — Unauthorized contracts — Dissolution of marriage — Effect.—The incapacity of the wife is removed by the authorization of the husband, or, in cases provided by law, by that of the judge.
“The authorization of the husband to the commercial contracts of the wife is presumed by law, if he permits her to trade in her own name; to her contracts for necessaries for herself and family, where he does not himself provide them; and to all her other contracts, when he is himself a party to them.
“The unauthorized contracts made by married women, like the acts of minors, may be made valid after the marriage is dissolved, either by express or implied ratification.”
The provision of this Article dealing with the right of the wife to contract for necessaries for herself and family where these are not provided by the husband, has been interpreted many times, but mainly these decisions have dealt with the right of the wife to contract where she purchased rather than sold. One case, however, Johnston v. Pike, 14 La.Ann. 731, treats of this right. In that case the ownership of a mare was contested, the defendant setting up title from the plaintiff himself, through a purchase from the latter’s wife. The evidence showed the necessitous circumstances of the wife and of the children under her care, and further proved she sold the horse for valuable consideration for the purpose of providing necessaries for them. The plaintiff admitted the wife had the right to purchase necessaries but did not have the right to dispose of property belonging to the community for the purpose of accomplishing this object. The Court commented:
“The text speaks generally of contracts for necessaries, and does not limit the wife to a mere purchase of necessaries. It may very well happen that, in order to procure them, she may be compelled to pledge movable property; nay, the sale of such movables may be the only way by which she could procure wherewith to purchase the necessaries of life.
“It cannot be said that the wife and the children must starve and remain without the other necessaries of life, or trust to the cold charities of the world, rather than dispose of some movables belonging to the community *242 of which she is a partner. Conceding the necessity of a pledge or sale of property by the wife, in order to procure the necessaries of life for herself and children, and the failure of the husband to furnish them to his family, his authorization would be presumed.
“Nor does this view of the case put the whole property of the community to the mercy of the wife, as contended for by the appellant’s counsel; the right of the wife is extremely limited in this respect, since the husband’s authorization would be implied only to contracts to procure the necessaries of life, and not beyond that emergency. Thorne v. Egan, 3 Rob. 329; Deslix v. Jone, 6 Rob. 293.”
The facts of the Johnston case show (1) the necessitous circumstances of the wife and children under her care; (2) the sale of community property for a valuable consideration for the maintenance of the children; (3) the application of the proceeds of the sale to the maintenance of the children.
 A suit between the husband and wife in the present case, the entire record of which was introduced and filed in evidence, shows the necessitous circumstances of the wife and minor child. The wife was living with and caring for one of the minor children, upon whom the appendectomy was performed. The final decree was not rendered until March 1, 1951, and it is clearly shown that on September 30, 1950, the date of the sale in question, the wife was not receiving any alimony. It is true the plaintiff did give his wife some funds, but these were small and at infrequent intervals, while there is no doubt he was earning good wages at the time, which were sufficient to take care of his wife and children had he desired to do so. The amounts he did give averaged $50 or $60, per month, upon which the wife attempted to support herself and child, and there is no evidence she ever charged anything to the plaintiff. She did not receive sufficient to pay for the necessary operation upon the minor, and the husband refused to pay for this operation. The consideration given for the animals was a valuable consideration, and must be considered to be an amount approximating their value since the husband stated he did not know the value of the animals. However, in a divorce petition filed a short time previous to the sale, he declared these animals to be worth only $100. The proceeds of the sale are proven to have been applied to the payment of the doctor’s bill of $125 and the balance of $25 to have been expended for necessaries after an offer to share it with plaintiff. The husband contends he was not consulted prior to the operation, but both his wife and daughter stated they had spoken to him about it and he refused to bear this expense, and it is shown he was present at the operation and actually assisted. As to any damages for the deprivation of the cow, he finally admitted he had suffered no damages whatsoever.
For the above and foregoing reasons, the judgment of the District Court is affirmed.