**Mrs. Lucia MARTINEZ and Douglas Martinez, Appellants,**

**v.**

**MISSOURI PACIFIC RAILROAD COMPANY, Respondent.**

**No. 45519.**

Supreme Court of Missouri.

Division No. 2.

Dec. 10, 1956.

Eugene D. Brierre, New Orleans, La., Sam R. Gardner, Jo B. Gardner, Monett, for appellants.

D. B. Sommers, Marvin Boisseau, Jr., Harold L. Harvey, St. Louis, for respondent.

BARRETT, Commissioner.

Mr. Edward P. Martinez died on October 23, 1953, as a result of being struck by a train near Alexandria, Louisiana. On August 4, 1955, his widow, Mrs. Lucia Martinez, and adult son, Douglas Martinez, instituted this action in the Circuit Court of the City of St. Louis to recover $97,809.49 damages for his negligent death. The circuit court sustained a motion to make the petition more definite and certain, dismissed the action as to Douglas Martinez because he was not entitled to maintain the action and, finally, dismissed the action as to Mrs. Martinez for the reason that "the space of one year from the death", LSA–C.C. Art. 2315, had elapsed and, therefore, she was not entitled to maintain this action in Missouri. V.A.M.S. § 516.180.

The plaintiffs have appealed from the judgments of dismissal and contend that the trial court erred in dismissing the action and in requiring the petition to be made more definite and certain. While the present action was filed more than one year after the death of Mr. Martinez, a former suit upon the same cause of action was timely filed in the United States District Court for the Western District of Louisiana. That action is now pending and, therefore, the plaintiffs contend that the bar of the one-year Louisiana statute was suspended and that the present suit, filed during the pendency of the former action, was timely filed within the meaning of the laws of Louisiana. On the other hand, the railroad contends that the pendency of the prior action in the United States District Court in Louisiana did not suspend or toll the one-year limitation with respect to this suit in Missouri.

■ Admittedly, the timely commencement of an action to enforce a right, before the statute of limitations has run, suspends the running of the statute as to that action. 54 C.J.S., Limitations of Actions, § 261, p. 290; 34 Am.Jur., Sec. 247, p. 202; Whitley v. Boatner, 17 La.App. 128, 134 So. 736; Davis v. Lewis & Lewis, 226 La. 1059, 78 So.2d 173; Mitchell v. Sklar, La.App., 196 So. 392; Spring v. Barr, 9 La.App. 732, 120 So. 256. "If the first [action] was timely instituted, it had the effect of interrupting prescription as to the second, and, since the second was instituted within a year from the dismissal of the first, the second was timely instituted, if prescription had not run when the first was filed." Ducros v. St. Bernard Cypress Co., 164 La. 787, 795, 114 So. 654, 657. The railroad, in support of its position, however, relies upon the general rule that the institution of an action in a foreign jurisdiction "does not toll the running of limitations" on a subsequent suit filed in a different state. 54 C.J.S., § 299, p. 367. These cases are illustrative of the rule upon which the railroad relies: In Overfield v. Pennroad Corp., 3 Cir., 146 F.2d 889, it was held that a prior

suit in Delaware did not interrupt the running of the applicable Pennsylvania statute of limitations as to a second action not timely filed in Pennsylvania. And, in Riley v. Union Pacific R. Co., 10 Cir., 182 F.2d 765, a passenger's action for personal injuries sustained in Wyoming was not tolled by a prior suit filed in Illinois and dismissed because barred by the Illinois two-year statute. So too, in Herron v. Miller, 96 Okl. 59, 220 P. 36, a prior suit in Jasper County, Missouri, for personal injuries did not make applicable an Oklahoma savings statute, nor did the prior action suspend the running of the applicable Oklahoma statute of limitations. See also Morris v. Wise, Okl., 293 P.2d 547; Fisher v. Reaser, 113 Ind.App. 292, 46 N.E.2d 280, and Baker v. Cohn, 26 App.Div. 236, 41 N.Y.S.2d 765. But, the present action in Missouri for wrongful death is not governed by the law of Missouri and its statute of limitations. The railroad tacitly concedes that this action, including the question of whether there has been an interruption of Louisiana's one-year statute, is to be determined under the law of Louisiana. Restatement, Conflict of Laws, Secs. 391–392, 397; 16 Am.Jur., Sec. 393, p. 256; Lang v. J. C. Nichols Inv. Co., 227 Mo.App. 1123, 59 S.W.2d 63.

■ As previously indicated, the timely institution of a suit in Louisiana interrupts the running of the applicable prescriptive statute, Schrader v. Coleman E. Adler & Sons, 225 La. 352, 72 So.2d 872, and the rule applies to actions for wrongful death. Brandon v. Kansas City Southern Ry. Co., D.C., 7 F.Supp. 1008; Thompson v. Gallien, 5 Cir., 127 F.2d 664; Allen v. Yantis, La.App., 190 So. 236; annotation 132 A.L.R. 292, 305, 328. In addition, in 1932 Louisiana enacted this statute: "The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts." LSA–R.S. 9:5801. There is no lack of jurisdiction of either the parties or the subject matter and no inap-

propriateness of forum in so far as the suit pending in the United States District Court is concerned, it is a court of "competent jurisdiction." Compare: Flowers v. Pugh, La.App. 51 So.2d 136. A long time ago the Supreme Court of Louisiana held that the pendency of a suit in the United States District Court of Maryland, apparently on a Louisiana cause of action, was sufficient to defeat the defendant's plea of prescription in a subsequent suit on the same cause of action in Louisiana. Jackson v. Tiernan, 15 La. 485. See also Harris v. Traders & General Ins. Co., 200 La. 445, 8 So.2d 289. In a tort action, an action for negligent injury to a dike, it was held that the timely filing of a prior suit in rem in the United States District Court in Alabama interrupted the applicable Louisiana statute. Hotard v. Brodr Wilhelmsen Aktieselskabet, 5 Cir., 23 F.2d 668. See also Board of Com'rs of Port of New Orleans v. Toyo Kisen Kaisha, 163 La. 865, 113 So. 127. In Brandon v. Kansas City Southern Ry. Co., supra, Judge Dawkins, formerly a justice on the Supreme Court of Louisiana, held that the timely filing of an action for wrongful death in the United States District Court in Louisiana, subsequently dismissed for misjoinder of parties, interrupted the running of the one-year death statute, LSA–C.C. art. 2315, and defeated the plea of prescription to a second action filed within a year of the dismissal of the first action. In short, unrewarding as the task may be, it is our prediction, under the law of Louisiana, that the pendency of the action in the United States District Court for the Western District of Louisiana has interrupted the one-year Louisiana prescriptive period and, therefore, the present action between the same parties was timely filed. In addition to all the cited cases from which the inference is drawn see 9 Tulane L.R. 285 and 14 Tulane L.R. 601. The action may be subject to dismissal for some other reason, but in our judgment it is not subject to dismissal for the reason that it was not timely filed within the meaning of the law of Louisiana.

■ In certain circumstances, in Louisiana, adult children may maintain an action for the wrongful death of their parents. Reed v. Warren, 172 La. 1082, 136 So. 59; Seelhorst v. Pontchartrain R. Co., 11 La. App. 586, 123 So. 626. The Louisiana wrongful death statute provides that the action shall survive to the children and spouse of the deceased. But as to adult children the statute specifically provides that, *"The right of action shall accrue to the major children only in those cases where there is no surviving spouse or minor child or children."* Obviously, in this instance, Mr. Martinez left a surviving spouse, the other plaintiff, Lucia Martinez, and the trial court appropriately dismissed the action as to the adult son, Douglas Martinez. Burthlong v. Huber, La.App., 4 So.2d 480; Dupuy v. Godchaux Sugars, La.App., 184 So. 730; McDonald v. Employers Mut. Cas. Co., D.C., 73 F.Supp. 198; Goodwin v. El Dorado Baking Co., La.App., 31 So.2d 230; 14 Tulane L.R. 612.

■ As to negligence, the petition alleges that the defendant's train *"did strike and kill the said Edward P. Martinez as a direct result of the negligence of defendant's said servants and employees."* We fail to understand or follow the rather specious argument that under Louisiana law the burden of proof is upon the railroad to show why its "employees didn't discover the plaintiff in a position of peril and do something about it." Whatever the rule may be as to the burden of proof in Louisiana, in certain circumstances, this phase of the action, whether the plaintiffs' petition or claim for relief contains a sufficient statement of the facts "showing that the pleader is entitled to relief", V.A.M.S., § 509.050, and whether the defendant is entitled to a more definite statement "of any matter contained in a petition", V.A.M.S., § 509.310, is governed by the law of Missouri. Restatement, Conflict of Laws, Sec. 592; 11 Am.Jur., Sec. 188, p. 501. There is neither claim nor demonstration that the court abused its discretion in sustaining the mo-

tion for a more definite statement. Hartvedt v. Harpst, Mo., 173 S.W.2d 65; Kansas City Stock Yards Co. v. A. Reich & Sons, Mo., 250 S.W.2d 692. It is indeed doubtful that the petition states a cause of action under the law of Louisiana. Lewis v. Jeffress, La.App., 3 So.2d 477.

For the reason indicated, the judgment is reversed and remanded.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.