

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 2, 1976

The Honorable Bob Bullock
Comptroller of Public Accounts
L.B.J. State Office Building
Austin, Texas    78711

Opinion No. H-757

Re: Whether salary supplements
made with gift funds must be
reported to the Secretary of
State under section 1(q) of
article V of the General
Appropriations Act.

Dear Mr. Bullock:

You have asked whether gifts of money to state agencies, used to
supplement salaries of employees whose salary is paid in part from funds
appropriated in articles I-IV of the General Appropriations Act, Acts
1975, 64th Leg., ch. 743, p. 2417, are required to be reported under
section 1(q) of article V of the Act.

This section provides:

> q.  SALARY REPORTING.  None of the funds
> appropriated to departments and agencies covered
> in Articles I through IV of this Act shall be
> expended for payment of salary to any person
> whose salary is being supplemented from <u>other
> than appropriated funds</u> until a report showing
> the amount and source of salary being paid from
> other sources has been reported to the Secretary
> of State. (Emphasis added.)  Acts 1975, 64th
> Leg., ch. 743, at 2844.

Section 18 of article V of the General Appropriations Act provides:

> Sec. 18.  ACCEPTANCE OF GIFTS OF MONEY.  All
> bequests and gifts of money to State agencies
> named in this Act are hereby appropriated to
> the agency designated by the grantor and for
> such purposes as the grantor may specify;

provided, however, that all such bequests and
gifts of moneys, except those to the Department
of Mental Health and Mental Retardation and
institutions under its jurisdiction received
from private sources, and to agencies and
institutions named in Article IV of this Act,
shall be deposited into the State Treasury and
shall be expended in accordance with the provisions
of this Act. Acts 1975, 64th Leg., ch. 743, at
2858.

It has been suggested that salary supplements made with gift funds
are not covered by section 1(q) since those funds are appropriated by
section 18 of article V of the Act and thus are not "other than appropri-
ated funds."

In determining the requirements of a statute the intent of the
Legislature must be the paramount consideration. See e.g., Jessen
Associates v. Bullock, No. B-5577 (Tex. Sup. December 17, 1975); Flowers
v. Dempsey-Tegeler & Co., 472 S.W.2d 112 (Tex. Sup. 1971). Where a law
has been uniformly construed by those charged with its administration
and has been reenacted by the Legislature without change it is presumed
that the Legislature was aware of and adopted that construction. Humble
Oil & Refining Co. v. Calvert, 414 S.W.2d 172 (Tex. Sup. 1967); Stanford
v. Butler, 181 S.W.2d 269 (Tex. Sup. 1944); Railroad Commission v. Texas
& New Orleans R. Co., 42 S.W.2d 1091 (Tex. Civ. App. -- Austin 1931,
writ ref'd). Provisions identical to article V, sections 1(q) and 18 of
the current Appropriations Act are also found in the 1973 General Appropri-
ations Act, Acts 1973, 63rd Leg., ch. 659, p. 1786 [section 1(q) at
2195; section 18 at 2208]. A search of the salary supplement files
in the Office of the Secretary of State reveals that state agencies have
construed this language to require reporting of gift funds. Indeed, to
construe the provision as not applying to gift funds would give section
1(q) little, if any, meaning. Since the Legislature is presumed to have
used every word and section for a purpose, we cannot adopt a construction
that would make this section meaningless. Perkins v. State, 367 S.W.2d
140 (Tex. Sup. 1963); Eddins-Walcher Butane Co. v. Calvert, 298 S.W.2d
93 (Tex. Sup. 1957). Accordingly it is our view that the Legislature
used the term "appropriated" in different contexts in sections 1(q) and 18,
and clearly intended that salary supplements paid from gift funds be
reported to the Secretary of State.

## S U M M A R Y

Funds may not be expended to pay the salaries
of state employees and officers until the
source of any salary supplement, including
supplements made with gift funds, is reported
to the Secretary of State.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb