153 So.2d 495 (1963)
John TATE
v.
NORFOLK AND DEDHAM MUTUAL FIRE INSURANCE COMPANY.
No. 5839.
Court of Appeal of Louisiana, First Circuit.
May 3, 1963.
Rehearing Denied June 3, 1963.
Talley, Anthony, Hughes & Knight, by Charles M. Highes, Bogalusa, for appellant.
Watts & Crain by Hillary J. Crain, Franklinton, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
HERGET, Judge.
Defendant, Norfolk and Dedham Mutual Fire Insurance Company, appealed suspensively from a judgment against it in favor of John Tate, individually, in the sum of $100, and as administrator of the Estate of Eugene Tate for $500. Plaintiff answered the appeal praying for an increase to $2,850 of the judgment in his favor as administrator of the Estate of Eugene Tate.
FINDING OF FACTS:
(1) David C. Wood, insured by Defendant, was driving a vehicle in a westerly direction on Louisiana Highway 436, a twolane blacktop road
(2) Mr. Wood had been following a vehicle driven by Herman Brumfield who was proceeding at an estimated speed of 25 to 30 miles per hour. Mr. Wood overtook and passed Brumfield at the crest of a slight incline on Highway 436 at a measured distance of 1000 feet east of a point where the Wood vehicle subsequently struck the rear *496 fender of a bicycle Eugene Tate, age 13, was pedaling, accompanied by a passenger occupying the seat, Troy Stewart, age 10, injuring Tate and killing Stewart.
(3) The accident occurred at approximately 2:40 p.m. on January 15, 1961.
(4) The weather was clear and the road was straight.
(5) The bicyclists approached and entered Highway 436 from a private lane on the north side. They crossed said highway diagonally, bearing generally in a southwesterly direction. The point of impact was on the south edge of the 24 foot width blacktop highway.
(6) On reaching the north edge of the highway, and before attempting to cross same, Eugene Tate observed the top of the Brumfield car near the crest of the hill referred to supra but did not at that time see the Wood vehicle.
(7) Brumfield observed the boys enter the highway when he was 300 feet from the point of collision, at which time Wood passed him.
(8) Brumfield stopped his vehicle 50 feet east of the point of impact.
(9) Wood did not observe the presence of the boys, did not reduce the speed of his vehicle, and took no reasonable precautions to avoid striking the bicycle.
CONCLUSION:
We are of the opinion no negligence can be attributed to Eugene Tate or his guest passenger, Stewart, as, at the time they made the attempt to cross the highway there was nothing to warrant their belief same could not be crossed safely; so that the sole proximate cause of this accident was the failure on the part of Wood to observe the boys on the bicycle and exert every reasonable means required of him to avert the collision. It is evident had he been keeping a proper lookout such observation could have been made and the accident avoided as is apparent from the fact Brumfield did observe the presence of the boys crossing the highway and stopped his vehicle 50 feet prior to the point of impact.
QUANTUM:
Eugene Tate sustained some bruises and thereafter complained of headaches which he attributed to his injury in this accident. The Trial Court awarded $500. We believe this to be neither inadequate nor excessive.
Defendant contends the claim of Plaintiff for and on behalf of the minor, Eugene, was prescribed inasmuch as in the original petition filed by Plaintiff suit was brought in the name of John Tate without specifying same was brought individually and on behalf of the minor, Eugene Tate. A reading of the petition reveals the allegation that Eugene Tate was the minor son of John Tate and the damages for which he sought recovery, besides special damages enumerated, were for injuries to his minor son, Eugene Tate, sustained in the accident. It is evident from the petition, though not specified, for such injuries Plaintiff was seeking recovery for the use and benefit of his minor son. Accordingly, Defendant was apprised of the cause of action. In an abundance of precaution, however, Plaintiff filed an amending and supplemental petition, which was allowed by the Trial Court, setting forth his capacity as Administrator of the Estate of his minor son in the assertion of the questioned claim. Such amendment relates back to the date of the filing of the original petition. LSA-C.C.P. Article 1153.
Affirmed.