HARDY, Judge.
This action was instituted by plaintiff, the owner of a certain described lot in the City of Shreveport, naming as defendant the owner of an adjoining lot. Plaintiff prayed for damages and mandatory in-junctive relief. After an exception of vagueness had been maintained, plaintiff amended his petition, whereupon defendant filed a peremptory exception of no cause of action and a plea of prescription of one and ten years liberandi causa, both of which were sustained, and judgment rendered dismissing plaintiff’s suit, from which he has appealed.
According to the allegations of plaintiff’s petition, the damages of which he complains have been caused by works performed by defendant on the adjacent property, specifically in the excavation and grading of his lot which has caused a constant washing to plaintiff’s property by reason of the change in the drainage of surface water. Although plaintiff alleged, in supplemental petition, that the original works of defendant were performed in 1926, there are other allegations, in his original and supplemental pleadings to the effect that the operating cause of the damage has been more or less continuous and has been recognized and acknowledged by defendant. Plaintiff further asserts that defendant on numerous occasions has unsuccessfully attempted certain remedial measures, which could be properly performed by persons of ability and skill in such operations, to the end that the continuing nuisance and damage would be permanently corrected.
As grounds for the exception of no cause of action, it is contended that plaintiff would not be entitled to an injunction in view of the express provisions of Article 3601 of the LSA-Code of Civil Procedure, and, further, that there is no basis in Louisiana law for any relief under the circumstances alleged by plaintiff.
We do not think either of the above stated grounds justify sustaining defendant’s exception. The right to a mandatory injunction under appropriate factual circumstances has been often recognized by *269 our courts. The comment under LSA-C.C.P. Article 3601 specifically declares that the jurisprudential rules governing the circumstances under which an injunction issues have not been changed by such Article. In McGee, et al. v. Yazoo & M. V. R. Co., 206 La. 121, 19 So.2d 21, the Supreme Court specifically held that actions for damages would not bar injunctive relief.
This point was considered and discussed in the opinion of this court in Gamburg v. City of Alexandria (2nd Circuit, 1956), La.App., 85 So.2d 276. If the plaintiff in this case is able to prove his factual allegations, we conceive of no reason why he should not be accorded injunctive relief.
Perhaps the most serious issue presented by this appeal is embraced in the plea of prescription. If plaintiff’s allegation that the damage was caused by the operation of defendant in the year 1926 stood alone, it would be obvious that the plea of prescription was properly sustained. However, in this connection we must consider other allegations of plaintiff’s pleadings which assert that the operating cause of damage has been continuous, and, further, as above noted, that defendant has recognized and acknowledged his responsibility. In Devoke, et al. v. Yazoo & M. V. R. Co., 211 La. 729, 30 So.2d 816, the Supreme Court held that in cases where the operating cause of injury was continuous, giving rise to damages from day to day, prescription has no application. In reaching this conclusion the court distinguished this principle from the application of prescription to those cases in which the damages were progressive but the operating cause was not continuous.
Counsel for defendant has cited Mayer, et al. v. Ford, et al. (1st Circuit, 1943), La.App., 12 So.2d 618, in which case, under factual circumstances analogous to those asserted in the instant case, the court sustained the plea of prescription. However, it must be noted that the case before the court was appealed after trial and judgment on the merits, and the court was, therefore, in possession of all of the facts which were fully discussed in its opinion, and upon the basis of which facts the plea of prescription was sustained.
It is quite possible that the same result might follow in the instant case, but any judgment on this issue could be properly pronounced only after plaintiff has been given the opportunity to present the facts.
It is also possible that the facts established on trial on the merits might bar plaintiff from recovery of many of the items of damages for which he contends, under the principle enunciated in Parro v. Fifteen Oil Company (1st Circuit, 1946), La.App., 26 So.2d 30 (cited in the opinion of the Supreme Court in the Devoke case supra).
For the reasons assigned, the judgment appealed from is annulled and set aside, and
It is now ordered, adjudged and decreed that the exception of no cause of action be and it is overruled; it is further ordered that the plea of prescription be referred to the merits, and this cause is remanded to the Honorable the First Judicial District Court in and for Caddo Parish, Louisiana, for further proceedings consistent with this opinion.
Costs of this appeal are taxed against defendant-appellee, and the assessment of all other costs shall await final determination.