201 So.2d 155 (1967)
Sigmond E. FLORSHEIM, Plaintiff-Appellant,
v.
DEPARTMENT OF HIGHWAYS, State of Louisiana et al., Defendants-Appellees.
No. 10839.
Court of Appeal of Louisiana, Second Circuit.
June 30, 1967.
Rehearing Denied July 27, 1967.
Thomas B. Wilson, Bossier City, Cook, Clark, Egan, Yancey & King, Shreveport, for plaintiff-appellant.
*156 D. Ross Banister, Philip K. Jones, Norman L. Sisson, Robert J. Jones, William J. Doran, Jr., Baton Rouge, Lunn, Irion, Switzer, Johnson & Salley, Shreveport, for Department of Highways, defendant, third-party plaintiff, appellee.
Mayer & Smith, Shreveport, for Yuba Consolidated Industries, Inc., defendant, third-party defendant, appellee.
Before HARDY, GLADNEY and AYRES, JJ.
AYRES, Judge.
This is an action for damages allegedly sustained to plaintiff's property through the construction of a segment of Interstate Highway 20, traversing the City of Shreveport. Recovery was first sought against the Department of Highways alone in an action filed May 15, 1963, but, by an amended petition filed September 18, 1963, Yuba Consolidated Industries, Inc., hereafter referred to as "Yuba," the construction contractor, was also impleaded as a defendant. Recovery was then sought against both defendants in solido.
Yuba, on its own behalf, urged a plea of one-year prescription based upon LSA-C.C. Arts. 3536 and 3537 and, on behalf of the Department of Highways, under the provisions of LSA-C.C. Art. 3466.
The Department of Highways caused Yuba to be made a third-party defendant and sought, under the provisions of the construction contract, judgment over against Yuba for any amount for which it might be condemned, as well as for expenses incurred in the defense of the action. To defendant's third-party petition, Yuba urged a similar plea of one-year prescription.
The first of the pleas of prescription, after trial thereof, was sustained as to Yuba and plaintiff's demands as to it were rejected, but the plea urged by Yuba on behalf of the Department of Highways was overruled, as was Yuba's plea of prescription directed against the Department of Highways' third-party petition.
Plaintiff appealed from the judgment on the plea dismissing his action against Yuba and Yuba applied for and was granted remedial writs from the action of the court in overruling Yuba's plea urged on its and the Department of Highways' behalf, as well as from the action taken on its plea directed to the third-party petition. These matters were consolidated for trial in this court.
Plaintiff assigns as error the action of the court in sustaining Yuba's plea of prescription for the reasons that: first, damages to plaintiff's property were continuous during construction of the highway adjacent to his property; second, obvious damage was caused to plaintiff's property within the year preceding the filing of his suit; third, the institution of an action against one joint tort-feasor interrupts prescription against all joint tort-feasors; and, fourth, the plea of one-year prescription is without application inasmuch as the appropriate prescription upon the basis urged by Yuba is one of two years under LSA-R.S. 9:5624.
The affirmative position taken by Yuba in its application for remedial writs is that, if its liability to the Department of Highways under its construction contract be conceded, the State could not waive prescription to its prejudice in a special act of the Legislature authorizing the institution of plaintiff's action.
Plaintiff, as the owner of a tract of land fronting Texas Avenue in the City of Shreveport, upon which were located a two-story building of masonry construction, a brick storage building to the rear, and a concrete paved parking area, sold a small triangular section in the southeast corner of the tract to the Department of Highways for right-of-way purposes for Interstate 20. Under a contract with Yuba dated January 7, 1960, plaintiff granted a construction easement on a narrow strip of his remaining property along the highway right of way.
*157 After commencement, the work continued until the project was completed and accepted October 2, 1963.
Among the results of the work undertaken on plaintiff's property and on the right of way adjacent thereto were the collapse of the brick storage building in December, 1961, serious damage to the two-story masonry building, and the tearing up of plaintiff's paved parking area. The construction of the roadway required an excavation approximately 36 feet in depth alongside plaintiff's property, which was left unprotected by retaining walls or otherwise for a great portion of the construction period. Caving and erosion of plaintiff's property were thereby induced and continued unabated.
Construction during the period from October, 1961, to June, 1962, required the driving of 150 60-foot steel pilings with a 3,000-pound hammer. The violent vibrations caused by this operation further damaged plaintiff's nearby improvements by causing the buildings to crack.
The contractor did not confine its work to the right of way nor to the area covered by the construction easement. Resort was had to plaintiff's parking area with the result that the area was so damaged as to destroy its usefulness. Physical damage to the property in these respects, and particularly through vibration and erosion, occurred continuously from the beginning of the project until its completion. The extent of the damage could not be ascertained until the work was completed. Upon plaintiff's protest, he was assured by a representative of Yuba that he would be paid for the damage when the project was completed.
From the record to which we have referred, the conclusion is inescapable that the operative causes were continuous, resulting in successive damages to plaintiff's property from day to day.
The plea of one-year prescription is, in our opinion, without merit for two basic reasons, either of which would require that the plea be overruled. First, the operating causes of the injuries of which plaintiff complains were continuous, and, second, under the facts disclosed in this case, the applicable prescription is that of two years under LSA-R.S. 9:5624 and not that of one year under LSA-C.C. Art. 3536.
With reference to the first of these, the rule recognized in Devoke v. Yazoo & M. V. R. Co., 211 La. 729, 30 So.2d 816, 822 (1947), is clearly applicable. Therein it was stated:
"The defense that the claims of the plaintiffs are barred by the prescription of one year is equally without merit for the evidence unmistakably shows that the operating cause of the injury is a continuous one, giving rise to successive damages from day to day, and, under our law, in such cases prescription, whatever the length of time, has no application."
See the authorities therein cited, as well as Deaton v. Causey, 154 So.2d 267 (La. App.2d Cir. 1963).
The statute with reference to the prescription of two years (LSA-R.S. 9:5624) provides:
"When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run when the damages are sustained."
Yuba contends, however, that this statute is inapplicable unless damages to private property result from an intentional and necessary consequence of the construction work; that it is inapplicable to situations where the damages result exclusively from the negligent acts or omissions of the agents of the principal. Cited in support of this contention are: Angelle v. State, 212 La. 1069, 34 So.2d 321, 2 A.L.R.2d 666 (1948); Miller v. Colonial Pipeline Company, 173 *158 So.2d 840 (La.App.3d Cir.1965writ refused).
The Angelle case is distinguishable from the instant case because of factual differences. In that case, damages were claimed for property destroyed by fire, occasioned by spraying operations conducted by agents of the Department of Agriculture for the disinfection of farm produce prerequisite to the issuance of certificates authorizing its shipment. Owners of the produce were required to supply the disinfectant, but it was not compulsory that they employ the facilities provided by the Department, although they invariably used its free services. There was no taking or damaging of private property for public use and benefit.
Insofar as the realty was concerned in the Miller case, the holding supports the position of plaintiff in the instant case. There, in the construction of a pipeline, irrigation levees were destroyed and the level of the rice fields was upset. This, the court held, was an intentional and necessary consequence of the construction of the pipeline. Accordingly, it was held that private property was damaged for public purposes within the meaning of LSA-R.S. 9:5624 and hence the two-year prescriptive period set forth therein was applicable.
Having thus determined that Yuba's pleas of prescription are not well-founded and must be overruled, consideration of other reasons for plaintiff's assignment of error is unnecessary.
For the reasons herein discussed, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now ordered, adjudged, and decreed that the plea of prescription of one year filed by Yuba Consolidated Industries, Inc., to plaintiff's demands be, and it is hereby, overruled.
Therefore, this cause is remanded to the Honorable First Judicial District Court in and for Caddo Parish, Louisiana, for further proceedings consistent with the views herein expressed and according to law. Yuba Consolidated Industries, Inc., is assessed with the costs of this appeal, all other costs to await final disposition of this cause.
Reversed. Plea of prescription overruled and case remanded.