GULOTTA, Judge.
This matter is on appeal from a judgment maintaining a plea of prescription to a third party demand for personal injuries received by defendant and third party plaintiff as a result of an automobile accident.
The record reflects that on January 22, 1968, an automobile accident occurred involving an automobile owned by Joseph Bradley, the plaintiff in the original suit, and driven by his wife, and an automobile owned by Max Lang, the defendant herein. The accident occurred in the 8900 block of Old Gentilly Road in the City of New Orleans.
On September 20, 1968, Mid-States Insurance Company, the collision insurer of Bradley, filed a subrogation suit against Max Lang and Fireman’s Fund Insurance Company, his insurer, seeking recovery of the amount paid to Bradley.
On December 24, 1968, Lang and Fireman’s Fund Insurance Company, defendants in the subrogation suit, answered and filed a third party demand against Jacat, Inc., for indemnity and contribution alleging that Jacat was negligent in causing said accident.
On January 22, 1969, Joseph Bradley and Zerita Bradley filed suit against Max Lang, Lincoln Cemetery Lots Sales Agency, Inc., and Fireman’s Fund American Insurance Company, endeavoring to recover damages for personal injuries and medical and special expenses, which they assert, were incurred as a result of the negligent act of said Max Lang in causing the collision in which Mrs. Bradley sustained injuries.
The defendants, Lang and Fireman’s Fund, on March 14, 1969, answered the petition filed by Joseph and Zerita Bradley denying all allegations of negligence, and further impleaded by third party petition *910 Jacat, Inc., for indemnification and/or contribution.
On May 8, 1969, (more than one year from the date of the accident), Max Lang, defendant and third party plaintiff, filed an amended third party demand against Jacat, Inc., to recover for medical expenses and personal injuries which he asserts were incurred as the result of the negligence of the third party defendant.
Jacat, Inc., third party defendant, filed a peremptory exception to the amended third party demand filed by Max Lang on the grounds that the filing of the amended demand occurred more than one year from the date of the accident, and that the amended demand was actually the assertion of a separate claim which had prescribed under the one year limitation for offenses ex de-licto as set out in LSA-C.C. art. 3536.
The exception of prescription filed by Jacat, Inc., was originally overruled. Jacat, Inc. filed an application for a rehearing on its exception of prescription, and upon rehearing the exception of prescription filed by the third party defendant was maintained on the grounds that the third party plaintiff’s original demand against Jacat, Inc., was for indemnification in the amount the original plaintiff claimed of the third party plaintiff, and that the amended demand was for personal injuries allegedly suffered by third party plaintiff. Because the trial judge found that the amended claim for personal injuries was an entirely new cause of action, he held that prescription had tolled in that the claim was filed more than one year after the date of alleged injury.
From the judgment maintaining the plea of prescription, third party plaintiff, Max Lang, has prosecuted this appeal.
The question presented for our determination is whether the petition filed by third party plaintiff for indemnification and/or contribution served to interrupt prescription so as to permit his filing of an amended petition for personal injuries more than one year from the date of the accident.
In maintaining the plea of prescription, the trial court said that the original third party demand for indemnification and/or contribution and the amended demand for personal injuries represented separate causes of action. We agree that if the original and amended third-party demands did constitute distinct causes of action, that the amended demand would have prescribed as it was filed more than one year from the date of the accident.
However, we find authority to the contrary.
In Hope v. Madison, 192 La. 593, 188 So. 711, 715 (1939), the Louisiana Supreme Court, citing 2 Words and Phrases, First Series, Cause of Action, p. 1017, stated:
“A cause of action is an act on the part of a defendant which gives rise to a plaintiff’s cause of complaint; ‘the existence of those facts which give a party a right to judicial interference in his behalf ;’ the situation or state of facts which entitled a party to sustain an action.”
“When used with reference to the pleadings by which the cause of action is alleged, the phrase signifies the facts upon which the plaintiff’s right to sue is based, and upon which the defendant’s duty has arisen, coupled with the facts which constitute the latter’s wrong.”
In the present case the “situation or state of facts which entitled” the third-party plaintiff, Max Lang, to sustain an action is the asserted negligence of third-party defendant, Jacat, Inc., in causing gravel to be strewn on the roadway. And the same claimed wrongful “act” of Jacat, Inc. (i. e., negligence) gives rise to third party plaintiff’s cause of complaint both for indemnity and/or contribution as well as for personal injury.
The Louisiana Supreme Court has stated, one tort (i. e., negligence) constitutes one cause of action, Marquette Casualty Co. v. Brown, 235 La. 245, 103 So.2d 269 (1958).
*911 When third party plaintiff filed an additional demand for personal injuries, he did not instigate a new cause of action, but simply enlarged his demand. A new demand is not a new cause of action. De Lee v. Price, 94 So.2d 79 (La.App.1957); Dupre v. Consolidated Underwriters, 99 So.2d 522 (La.App.1957); Quarles v. Lewis, 226 La. 76, 75 So.2d 14 (1954).
The Supreme Court stated in National Surety Corporation v. Standard Accident Insurance Company, 247 La. 905, 175 So.2d 263 (1965), that where the employer alleged negligence against the tort-feasor in a suit for workmen’s compensation and medical expenses incurred on behalf of employee, and the employee intervened alleging a claim for personal injuries sustained, only one cause of action existed because recovery for both parties was predicated upon proving the negligence of the tort-feasor. On Page 268 of the opinion, the Court stated:
“We find that one principal cause of action resulting from a single tort exists herein — namely, the alleged negligence of Brown Ferguson.”
In the instant case, recovery against Jac-at, Inc., is similarly predicated upon proof of his negligence.
So in light of the above jurisprudence we must conclude that Max Lang’s amended demand for personal injuries was not based upon a separate cause of action.
LSA-R.S. 9:5801 provides in part that:
“All prescriptions affecting the cause of action therein sued upon are interrupted * * * by the commencement of a civil action in a court of competent jurisdiction. * * * ”
Under the provisions of R.S. 9:5801 the Louisiana Supreme Court in National Surety, supra, held that where an employer timely filed suit against his tort-feasor, prescription as to the cause of action was interrupted, thus permitting an employee to intervene even though more than one year had elapsed since the date of the accident.
Following the National Surety interpretation of R.S. 9:5801, we find that when Max Lang timely filed his original third-party demand, prescription as to his cause of action was interrupted so that additional demands based upon that cause of action are not barred.
The sole jurisprudential limitation on the application of LSA-R.S. 9:5801 is that the defendant is timely put on notice that damages are being claimed as a result of its negligence. In Phillips v. Garden, 211 So.2d 735, 740 (La.App.1968) the second circuit permitted the plaintiff to amend after the prescriptive year to claim property damages, although the original claim only sought damages for personal injuries.
And in Carona v. Radwin, 195 So.2d 465, 468 (La.App.1967) writ refused, 250 La. 639, 197 So.2d 897 (1967), this court held that where defendant was put on notice “within a year of the accident, that * * * (defendant’s) negligence was a cause of (plaintiff’s) damage * * * Plaintiff’s later petition did not change this cause of action.”
In the Carona case the defendant in a matter involving an automobile collision filed a third party demand against a third motorist and his insurer seeking indemnity or contribution and plaintiff, Carona, subsequently, after more than one year from the date of the accident, filed a supplemental petition bringing in third motorist Guidry alleging joint and concurrent negligence of defendant and Guidry. The court held that the defendant Radwin’s timely filed third party demand against Guidry for contribution interrupted prescription and that plaintiff’s supplemental and amended petition against third party motorist Guidry, though filed more than one year after the accident, had not prescribed.
The plaintiff, Carona, had not filed suit against third party defendant, Guidry, within the prescriptive year; nevertheless, the court found that prescription was interrupted as between Carona and Guidry by the filing of the suit by Radwin, the original *912 defendant and third party plaintiff, against Guidry.
In 1960 the Louisiana Legislature adopted LSA-C.C.P. art. 1153 which provides:
“When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleadings, the amendment relates back to the date of filing the original pleading.”
In interpreting article 1153 the courts have permitted postprescriptive amendments against defendants first cited in the amended pleading, Stewart v. Maloney Trucking and Storage, Inc., 147 So.2d 62 (La.App.1962); Brooks v. Wiltz, 144 So.2d 413 (La.App.1962).
In 1963 the first circuit cited art. 1153 as authority to hold that where the plaintiff amended his petition to set forth the capacity in which he was filing his claim that the amended petition related back to the date of the filing of the original petition, Tate v. Norfolk and Dedham Mut. Fire Ins. Co., 153 So.2d 495 (La.App.1963).
This court in Vastola v. Insurance Company of North America, 204 So.2d 605 (La.App.1967), applied article 1153 to hold that where petitioner timely filed his original petition, then filed an amended petition, more than one year from the date of the accident, that the amended petition related back to the date of filing the original pleading and thus was not barred by prescription.
In citing art. 1153 the court in Vastola, supra, at p. 608, stated, Article 1153 “now takes precedence over any jurisprudence to the contrary.”
In commenting on Article 1153, at 43 Tul.L.Rev. 211, 232, Justice Tate stated:
“This Louisiana Code provision applies to all amendments grounded on a factual basis related to that of the original pleading.”
According to Justice Tate, supra, at p. 233,
“If the original timely pleading gives actual notice to a party that a formal claim or defense is being made based upon a particular factual situation, no essential protective purpose of a prescriptive statute is violated by permitting relation back of a postprescription amendment based on the same factual situation.”
In view of the jurisprudence, statutes, and commentaries cited hereinabove, we conclude that the plea of prescription is not well founded, that prescription had not tolled, and that the plea is overruled.
The judgment maintaining the plea of prescription dismissing the third party demand for personal injuries is reversed.
The case is remanded to the trial court for such additional proceedings as the nature of the cause now requires.
Reversed and remanded.