274 So.2d 734 (1973)
Mrs. Violet M. DERBOFEN, wife of Gail T. KREHER, and Mrs. Florence Juncker, widow of Dr. John C. Derbofen
v.
T. L. JAMES & COMPANY, INC., et al.
No. 4570.
Court of Appeal of Louisiana, Fourth Circuit.
March 13, 1973.
*735 Gail T. Kreher, New Orleans, for plaintiffs-appellants.
Charles J. Rivet and David C. Vosbein, New Orleans, for defendant-appellee, T. L. James & Co., Inc.
Before SAMUEL, BOUTALL and GUIDRY, Jr., JJ.
SAMUEL, Judge.
This is an appeal from a judgment maintaining an exception of prescription and dismissing plaintiffs' suit against one of the named defendants, T. L. James & Company, Inc. The suit was filed on December 2, 1963 against T. L. James and numerous other defendants no longer before the court. It arises out of a tort which occurred in 1956 and 1957 when T. L. James and/or its subcontractor made an excavation under a contract with the late Joe W. Brown to create a lake on property owned by him, which property was adjacent to the plaintiff tract and supplied fill from the excavation to the State of Louisiana for the construction of a highway.
The excavation resulted in the removal of 84,025 cubic yards of earth from plaintiffs' property without their knowledge or consent, changed the contour of their land, which was formerly level, and created a pit of 2,232 acres, cutting the property in half. The center portion of the property is covered with a lake containing 14,830,354 gallons of water, with a depth up to 35 feet and with a perpendicular drop-off of 25 to 30 feet.
Alleging the lake is deep, not contained, protected or enclosed, and constitutes a safety hazard, nuisance and cause of erosion, plaintiffs claim $25,000 for the deprivation of the use and enjoyment of their property, part of which is now inaccessible; $410,000 for the cost of removal of the water, refilling their land with suitable material, and the erection of pilings to protect their boundaries from the lake created on the Brown tract; and $41,000 for engineering expenses and other contingencies. The total claim is for $476,000.
T. L. James filed the peremptory exception of one year prescription under Civil Code Article 3536. Following judgment which maintained that exception and dismissed plaintiffs' suit, plaintiffs appealed.
T. L. James has answered the appeal praying that the judgment be maintained and, alternatively, that other exceptions filed by them (no cause of action, judicial estoppel and res judicata) be maintained.
Based on these two contentions, plaintiffs argue the trial court erred in maintaining the exception: first, under the provisions of LSA-R.S. 9:5801, the tolling of prescription was interrupted by the timely filing of a previous suit; and second, that the trespass is a continuing one and therefore the prescription provided in LSA-C.C. Art. 3536 does not apply. In pertinent part that statute and article read:
"The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts." LSA-R.S. 9:5801.
"The following actions are also prescribed by one year:
That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses." LSA-C.C. Art. 3536.
In our opinion the tolling of prescription was interrupted by the timely filing of a previous suit and therefore we need not consider plaintiffs' second contention. Because *736 no evidence was taken in the trial of the exception, we rely upon the record as it appears before us.
As previously mentioned, the activity giving rise to this litigation was the excavation of a portion of plaintiffs' property during the period from September, 1956 through October, 1957, making it part of a larger lake. The property was in a remote, uninhabited area where a question existed as to land titles and property locations. Plaintiffs did not know of the dredging on their property until January, 1958. On October 30, 1958 they filed a suit against the same defendants as herein for damages resulting from that dredging. The suit (No. 366-261) was filed in the Civil District Court for the Parish of Orleans.
LSA-C.C. Art. 3537 provides as follows:
"The prescription mentioned in the preceding article runs:
With respect to the merchandise injured or not delivered, from the day of the arrival of the vessel, or that on which she ought to have arrived.
And in the other cases from that on which the injurious words, disturbance or damage were sustained.
And where land, timber or property has been injured, cut, damaged or destroyed from the date knowledge of such damage is received by the owner thereof." LSA-C.C. Art. 3537.
While there may be some question as to the exact dates the defendant dredge intruded upon plaintiffs' property and dug it away, it is clear that no knowledge of the digging was received by plaintiffs until January, 1958 and thus the suit filed on October 30, 1958 was filed within the one year period.
We have been referred to the cases of Schouest v. Texas Crude Oil Co., La.App., 141 So.2d 155; Lay v. Garriga, La.App., 19 So.2d 665, and others, holding that under somewhat similar facts, the one year prescription of Article 3537 applied. However, as stated in the Schouest case at 141 So.2d 161:
"The law of this state is well established to the effect that the owner of property seeking recovery of damages for injury thereto (particularly where he had possession of the property on the occurrence of the injury) bears the burden of proof on the trial of a plea of prescription of one year to establish when the loss occurred or when he obtained knowledge of the trespass. In such instances it is incumbent upon the owner to prove either that the loss occurred or that he acquired knowledge thereof within a year of the filing of the suit."
While the rationale of those cases indicates that at least part of the relief sought in the present case, if considered alone, would be barred by the tolling of the prescriptive period, a different result is reached as to the prior suit filed on October 30, 1958, because it is undisputed that knowledge did not take place until nine and one-half months prior to filing that suit.
We conclude that the suit filed on October 30, 1958 was timely filed and it would serve to interrupt prescription under R.S. 9:5801 provided the other requirements are met; that is, that it be substantially the cause of action previously sued upon, and that the present suit be timely filed after the interruption ceased.
A comparison of the pleadings filed in each of the two suits leads us to conclude there is the same basic cause of action in each suit and that there is only a difference in relief sought. The suit filed October 30, 1958, No. 366-261 on the docket of the Civil District Court for the Parish of Orleans and reported on appeal to us in 148 So.2d 795, 1 A.L.R.3rd 793, was brought against the same defendants. The petition alleges plaintiffs owned certain real property near the Brown property; that because of contracts with the Browns *737 and with the State Department of Highways, T. L. James and its agents dredged a large quantity of soil from a portion of plaintiffs' property and permitted a deep body of water to remain, causing further erosion; that the water remains, is neither enclosed nor protected and divides plaintiffs' property, thus creating a danger and a nuisance. Various damages are alleged including loss of use and enjoyment.
In the original suit plaintiffs sought damages under the theory of trespass and unjust enrichment for three certain specific items, value of soil removed, destruction of vegetation and trees and deprivation of use. On appeal they were awarded only the value of the soil removed. We feel it unnecessary to explain in detail the facts and issues because they are set out in the cited volumes. We do feel it necessary to point out that we considered only the narrow issue of the value of the soil taken as prayed for in the petition.
Plaintiffs further prayed as follows:
"... and reserving the right to petitioners herein to claim future damages for the continuing trespass as set forth above, and that defendants herein be required to render and make petitioners' property safe and secure from future damage, and to remove water standing thereon, and generally undo the wrong which they have done, reserving to petitioners their right to claim damages for indemnification of necessary expenses to be incurred on account thereof, in the event of defendants' failure to so do; ..."
We stated the following in our prior opinion in this matter:
"... It will be noted that the plaintiffs in addition to reserving their rights to claim future damages for the continuing trespass, as set forth, also pray that the defendants be required to remove the water standing on their property and reserve their right to claim damages for indemnification of necessary expenses to be incurred on account thereof in the event the defendants failed to do so. They have set no monetary value on this and pray for none."
Further, in our decree we reserved plaintiffs' right to sue for future damages as prayed for in their petition.
The petition in the present suit alleges the same basic facts as the prior suit except that, apparently because of the evidence presented in the prior suit, they are alleged with more particularity. Additionally, the present suit contains allegations of the proceedings which took place in the first; allegations of erosion and other damages since filing of the first suit, and allegations that defendants have failed to drain the water, protect the shoreline, or restore the property to its original condition. Plaintiffs now seek to recover the expense of doing that which they allege defendants failed to do, that is, remove the water, restore the original contour of the property and protect it from erosion, as well as damages for loss of use and enjoyment to date.
Our examination of the records of these two cases convinces us that they state basically the same cause of action, that is, the trespass and unlawful removal of soil from plaintiffs' land by defendants, permitting the water from the lake or borrow pit to remain.
The Supreme Court in Hope v. Madison, 192 La. 593, 188 So. 711, defined "cause of action" as follows:
"... A cause of action is an act on the part of a defendant which gives rise to a plaintiff's cause of complaint; `the existence of those facts which give a party a right to judicial interference in his behalf'; `the situation or state of facts which entitles a party to sustain an action'.
`When used with reference to the pleadings by which the cause of action is alleged, the phrase signifies the facts upon which the plaintiff's right to sue is based, and upon which the defendant's *738 duty has arisen, coupled with the facts which constitute the latter's wrong.'"
Considering the definition above, and noting that we did not expressly rule upon the prayer in the original suit requiring defendant to make plaintiffs' property safe and secure from future damage and to remove the water standing thereon, but instead reserved the right to sue for these damages, we must conclude that the first suit interrupted the prescription applying to the second suit under R.S. 9:5801.
As stated by the Supreme Court in Callender v. Marks, 185 La. 948, 171 So. 86:
"... Plaintiff in the second suit did not assert a new, different, or separate cause of action. The cause of action attempted to be stated, or the demand made in the original, as well as a second petition, is one and the same. It is identical. Defendant was fully appraised of the nature of the claim of the plaintiff and what was being demanded of him. Therefore, it is our opinion that prescription was interrupted."
Our courts have appeared to give a liberal interpretation to the provisions of LSA-R.S. 9:5801. See for example: National Surety Corp. v. Standard Accident Ins. Co., 247 La. 905, 175 So.2d 263; Hayes v. Muller, La.App., 243 So.2d 830. The sole jurisprudential limitation on the application to this section is that defendant is timely put on notice that damages are being claimed as a result of its negligence. Mid-States Ins. Co. v. Fireman's Fund Ins. Co., La.App., 240 So.2d 908.
We now consider the question of whether the second (present) suit was filed within the prescriptive period. The first suit was timely filed on October 30, 1958. Judgment was rendered and an appeal taken. This court handed down its opinion and decree on December 3, 1962, reserving plaintiffs' right to sue for future damages as prayed for in their petition. A timely sought rehearing was denied on February 4, 1963. As no application for writs was made to the Supreme Court, our judgment became final on March 7, 1963 (LSA-C.C. P. Art. 2167). Thus the present suit, filed on December 2, 1963, which is within one year from the finality of the appellate judgment, was filed within the one year prescriptive period. A suit which interrupts prescription (here the first suit) prevents prescription from running until that suit's final determination at which time the full prescriptive period begins to run anew. McCoy v. Arkansas Natural Gas Co., 184 La. 101, 165 So. 632; Woodcock v. Baldwin, 110 La. 270, 34 So. 440; Federal Ins. Co. v. T. L. James & Co., La.App., 69 So. 2d 636; Spring v. Barr, 9 La.App. 732, 120 So. 156. Planiol gives this description of the effect of interruption of prescription:
"As a general rule, the effect of acts which interrupt liberative prescription is in conformity with the ordinary notion of interruption; the time already run does not count; it is lost for the calculation of prescription, but it recommences to run immediately and neither its nature nor its duration is changed; it is the same prescription which begins again, with a new point of departure...." 2 Pt. 1 Planiol, Traite Elementaire De Droit Civil, No. 672, p. 365.
We are therefore of the opinion that the exception of prescription should have been overruled by the trial court.
We now consider that portion of the answer to the appeal which seeks reversal of the trial court judgment overruling the exceptions of no cause of action, judicial estoppel and res judicata at a prior hearing. These exceptions were filed in limine by appellee. After hearing thereon judgment was rendered on February 14, 1964 overruling the exceptions and granting defendant additional time to answer. On March 4, 1964, defendant filed in one pleading a renewal of these exceptions, the exception of prescription and an answer to the merits. The exception of prescription was set for trial and judgment maintaining that exception was rendered July 24, 1970, giving *739 rise to the present appeal. We recite these facts to make it plain that the judgment on exceptions complained of in answer to appeal was not a part of the judgment appealed from but was in fact a separate judgment rendered more than six years earlier.
The general rule is that there is no appeal from a judgment overruling such exceptions. LSA-C.C.P. Art. 2083. In any event, the appeal period had long since lapsed. LSA-C.C.P. Art. 2087. While answer to an appeal has the same effect as an appeal (LSA-C.C.P. Art. 2133), it was not possible to take an appeal from the 1964 judgment in 1970.
If this were an appeal on the merits, we could then examine the propriety of the judgment on the exceptions of judicial estoppel and res judicata. But this is only an appeal from a judgment on an exception of prescription. As was the case in the trial of the exception of prescription the record contains no evidence relative to the exceptions of judicial estoppel or res judicata. Under these circumstances a determination of those exceptions at this time would require speculation on our part. Facts established on the trial of the merits might bar plaintiffs from some of the items of damages they claim and such facts are not sufficiently apparent on the record before us. Orderly procedure requires that we await trial on the merits before undertaking a consideration of those two exceptions. See for example: Deaton v. Causey, La.App., 154 So.2d 267. Therefore, we do not now pass upon the exceptions of judicial estoppel and res judicata.
As no evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action (LSA-C.C.P. Art. 931), we can and do pass upon that exception. Our settled jurisprudence is that when a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled. Louisiana & Arkansas Railway Company v. Goslin, 258 La. 530, 246 So.2d 852, and cases cited therein. Here the petition quite clearly states the cause of action specifically reserved to the plaintiffs by our prior decree. Therefore, we affirm the trial court judgment overruling that exception.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that the exception of prescription be overruled. It is further ordered that the judgment overruling the exception of no cause of action be affirmed and that this matter be remanded to the trial court for further proceedings in accordance with law. All costs are to await a final determination.
Reversed in part; affirmed in part; remanded.